IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,

        Plaintiff,

v.

JUSTIN WONCH, and
TOWNSHIP OF FORSYTH,

        Defendants.

Case No.: 2:19-cv-159
Hon.

_____/

PHILLIP B. TOUTANT (P72992)
Numinen, DeForge & Toutant, P.C.
Attorneys for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

_____/

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, Richard J. Hill, by and through his attorneys, Numinen, DeForge & Toutant, P.C. and for Plaintiff's Complaint, states the following:

### THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a resident of the Township of Forsyth, County of Marquette, State of Michigan.

2. Defendant Justin Wonch is and/or was a police officer employed by the Forsyth Township Police Department, and was acting under the color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

3. Upon information and belief, Justin Wonch is a resident of the County of Marquette, State of Michigan.

4. Township of Forsyth is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

5. The Township of Forsyth is located in the County of Marquette, State of Michigan.

6. All relevant events giving rise to this lawsuit occurred in the Township of Forsyth, County of Marquette, State of Michigan.

7. *Inter alia*, this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

8. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims of assault and battery as they are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9. Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1343 (civil rights); and 28 U.S.C. § 1367 (supplemental jurisdiction for state law claims).

10. As Defendants reside within this judicial district and a substantial part of the events or omissions giving rise to the claim occurred within this judicial district, venue is proper in this judicial district. See 28 U.S.C. § 1391(B)(1)-(2).

11.     As Plaintiff's residence is in the County of Marquette, State of Michigan, Defendants reside and/or are located in the County of Marquette, State of Michigan, and the claim arose in the County of Marquette, State of Michigan, this case should be assigned to the Northern Division of this Court. See W.D. Mich. LCivR 3.2(e)-(g).

FACTS

12.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

13.     On March 22, 2019, Defendant Justin Wonch was dispatched to 427 Liberator Street in Forsyth Township, Michigan for an alleged domestic violence incident.

14.     At the time, Mr. Hill, who was 68 years old, was five feet seven inches in height and weighed approximately 250 pounds.

15.     When Officer Wonch arrived at the scene at approximately 9:39 p.m., Mr. Hill was intoxicated.

16.     Officer Wonch interviewed Vickie L. Lara, Mr. Hill's longtime relation. In addition, he interviewed Mr. Hill and Timothy E. Normand, who were also present at the residence.

17.     After interviewing witnesses, Officer Wonch informed Mr. Hill that he was under arrest for domestic violence.

18.     Mr. Hill then lunged towards Ms. Lara. However, there was a coffee table and love seat in the way and there was no way that Mr. Hill could even make contact with Ms. Lara.

19. He was struggling on the love seat when Officer Wonch grabbed him and slammed him to the floor.

20. Mr. Hill was completely subdued and was not resisting Officer Wonch.

21. After tackling him to the floor, Officer Wonch began violently kicking or kneeing the 68-year-old man multiple times. Mr. Hill began whimpering and uttering cries of pain.

22. Mr. Hill said "you're hurting me," to which Officer Wonch said "f*cking right. You wanna f*cking attack her right in front of me?! Stupid f*ck," while he was attempting to cuff Mr. Hill, who was writhing in pain. At points during the assault, Mr. Hill could only manage to whimper the word "hurt."

23. Officer Wonch had broken multiple ribs and fractured Mr. Hill's spine.

24. Officer Wonch cuffed Mr. Hill's left wrist, which was free.

25. However, Mr. Hill's right arm was trapped under the weight of his own damaged body while Officer Wonch was on top of him, violently kneeing him repeatedly.

26. In an effort to get the trapped arm, Officer Wonch screamed "give me your f*cking arm!" while pulling the arm out from under Mr. Hill's body.

27. At this point, Mr. Hill—who was severely injured—was mumbling incoherently. Wonch said "shut the f*ck up. F*ckin piece of sh*t," as he was double locking the handcuffs.

28. He then screamed "you just f*ckin went after her in front of me!"

29. Horrified at what she had just witnessed, Ms. Lara repeatedly stated that she was scared; she said "I'm scared to death." In response, Officer Wonch said "[a]nd now he's got a felony too."

4

30. Officer Wonch instructed Mr. Hill to stand up. Mr. Hill repeatedly said "I'm trying to." Due to his fractured ribs and spine, he was unable to do so.

31. Upon information and belief, as a first responder, Officer Wonch had received multiple trainings and certifications in first aid and responding to injuries/trauma.

32. Nevertheless, Officer Wonch did not perform any medical evaluation or assessment of the injuries he had inflicted on Mr. Hill.

33. When Mr. Hill was unable to stand of his own power, Officer Wonch asked Mr. Normand to assist him in lifting Mr. Hill to his feet, irrespective of the fact that the officer had just fractured his spine and ribs.

34. Officer Wonch and Mr. Normand lifted Mr. Hill to his feet by his arms. After they placed him on his feet, he fell back to the ground.

35. Officer Wonch then grabbed Mr. Hill by the arms and proceeded to drag him out of the residence. Following Wonch's lead, Mr. Normand assisted.

36. Around this time, backup arrived on the scene.

37. On the evening of March 22, 2019, the temperature was recorded at the nearby KI Sawyer Airport weather station.

38. The temperature that evening was between 18- and 19-degrees Fahrenheit. There was a great deal of snow on the ground.

39. Irrespective, Officer Wonch and Mr. Normand dragged Mr. Hill outside and left him on the snowy ground. He was wearing nothing but pants and a sweatshirt/light jacket.

40. Mr. Normand attempted to continue to drag Mr. Hill to Wonch's squad car.

5

41. Officer Wonch stopped to Mr. Normand: "[t]here. Oh, you can leave him Tim. You can just leave him there. We'll let him get up ... [to Mr. Hill:] You can make the decision when you want to get up." Mr. Hill was left mumbling incoherently on the frozen, snow-covered ground.

42. Two ambulances arrived on the scene. As the ambulance pulled in, Officer Wonch said "they can help me load him in the car." Mr. Hill requested that Wonch take his cuffs off. Wonch did not respond.

43. Officer Wonch and paramedics loaded Mr. Hill into the car. At points, Officer Wonch informed Mr. Hill that he was being noncompliant and to "be a big boy." Again, Mr. Hill had suffered multiple broken ribs and a fractured spine by Officer Wonch.

44. Mr. Hill screamed with pain as he was dragged into the patrol car.

45. Officer Wonch did not ask paramedics to perform any kind of medical assessment on Mr. Hill.

46. During the commotion, Ms. Lara had locked herself out of the residence. Officer Wonch gratuitously offered to "kick the door down," if necessary.

47. Officer Wonch got his preliminary breath test ("**PBT**") unit out. At this point, Mr. Hill was lying in the back of the patrol car in the same place where he had been dragged moments earlier.

48. Wonch asked Mr. Hill to "blow on this [the PBT] like a balloon." Mr. Hill said "okay," and complied. The PBT result was 0.214.

6

49. Officer Wonch then instructed Mr. Hill to move his legs, as his head was hanging outside the door of the patrol car. Mr. Hill was unable to do so and Wonch proceeded to shove the seriously injured man upwards into a sitting position and slammed the door.

50. As Officer Wonch was getting into the patrol car, one of the responders asked him something to the effect of whether everything was okay. Officer Wonch responded by stating "[n]othing. I'm good."

51. The incident was video recorded on Officer Wonch's bodycam.

52. Mr. Hill was then taken to the Marquette County Jail.

53. While Mr. Hill was in a detox cell, Deputy Kate Bonifas overheard Mr. Hill saying "he beat me up" (referring to Officer Wonch) multiple times.

54. After Mr. Hill was locked up, Officer Wonch spoke with Deputy Bonifas in the jail control room, saying that he had "body slammed" Mr. Hill when he lunged towards Ms. Lara and then "dragged" him out of the residence and left him on the ground next to the patrol car.

55. The next thing Mr. Hill remembers is waking up with a neurosurgeon (upon information and belief, Craig Coccia, M.D.) standing over him at UPHS-Marquette.

56. The injuries inflicted on Mr. Hill by Officer Wonch include, but are not limited to the following:

   a. Fracture of the ninth thoracic vertebra.

   b. Fracture of transverse process of lumbar vertebra.

   c. Acute fractured right ribs (displaced fractures of the ninth through 11th ribs with surrounding subcutaneous emphysema).

   d. Bilateral traumatic pneumothoraces.

    e. Pneumomediastinum (trauma-associated free air in the chest cavity).

    f. Right subcutaneous emphysema extending to the soft tissue of his neck.

    g. Hypoxia.

    h. Swelling of the lower extremities.

    i. Bilateral pleural effusion.

57. Mr. Hill was informed that he required emergency surgery for his broken spine. He underwent a five-level posterior spinal fusion from T7 to T11 with bilateral pedicle screws and vertical rods.

58. For a period of time, Mr. Hill had to be tube-fed via nasogastric tube and admitted to the ICU as a result of the injuries inflicted by Officer Wonch.

59. On April 5, 2019, Mr. Hill was discharged from UPHS-Marquette.

60. However, due to the severity of his injuries, he was unable to remain at home. On April 10, 2019, he returned to the hospital, which caused him to be admitted to the Lighthouse nursing home in Ishpeming for rehabilitation from his injuries.

61. Mr. Hill remained at the Lighthouse in Ishpeming until May 2, 2019.

62. Mr. Hill's medical bills for the injuries he suffered at the hands of Officer Wonch at UPHS-Marquette alone total $248,910.82.

## COUNT I – VIOLATION OF THE FOURTH AMENDMENT PURSUANT TO 42 U.S.C. § 1983 – EXCESSIVE FORCE

63. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

64. By reason of their acts as set forth in this Complaint, the individual Defendant acted under color of law, within the course and scope of his employment, in his individual and official capacities, and with oppression and malice to Plaintiff, to the deprivation of his rights, privileges and immunities secured by the Constitution and laws, to wit:

    a. the right to be free from unreasonable searches and seizures, and to be secure in her person as provided by the Fourth and 14th Amendments to the United States Constitution, and not to be subject to excessive force and the laws of the State of Michigan.

65. The acts of Defendants were at all times objectively unreasonable and in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

66. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

67. As a direct and proximate result of violation and/or deprivation of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for exemplary, compensatory, and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

COUNT II – CONSTITUTIONAL VIOLATIONS BY THE TOWNSHIP OF FORSYTH

68. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

69. Upon information and belief, Defendant Township of Forsyth acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

70. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizens' constitutional rights.

    b. Failing to adequately train and/or supervise its police officers regarding the proper use of force.

    c. Failing to supervise, review, and/or discipline police officers whom the Township of Forsyth knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers in such conduct.

    d. Any and all additional reckless/deliberately indifferent practices, customs, or policies that resulted in constitutional violations to Plaintiff as identified in the course of discovery in the above-captioned case.

71. The Township of Forsyth's conduct demonstrated a substantial lack of concern for whether an injury resulted.

72. The Township of Forsyth's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

73. The Township of Forsyth's acts and/or indifference and/or omissions itself caused the constitutional violations at issue.

74. The failures to train as alleged within this Count reflects a deliberate or conscious choice by the Township of Forsyth.

75. Upon information and belief, prior instances of unconstitutional conduct demonstrating that the Township of Forsyth has ignored a history of abuse and was clearly on notice that the training in this particular area and as to this particular officer (Defendant Justin Wonch) were deficient and likely to cause injury.

76. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT III – ASSAULT AND BATTERY

77. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

78. Defendant Wonch did during the course of his interaction with Mr. Hill make an intentional, unlawful threat/offer to do bodily injury to Mr. Hill by force, under circumstances which created in Mr. Hill a well-founded fear of imminent peril, including Officer Wonch's apparent present ability to carry out the threat.

79. Defendant Wonch intentionally caused a touching of Mr. Hill against his will, without justification, consent, or any basis in law or fact.

80. Defendant Wonch used more force than was reasonably necessary in arresting and detaining Mr. Hill, thereby committing an unlawful battery upon Mr. Hill's person.

81. At all times relevant hereto, Defendant Wonch was an employee, agent, or servant of Defendant Township of Forsyth; therefore Defendant Township of Forsyth is vicariously liable for the acts of Defendant Wonch pursuant to the doctrine of *respondeat superior*, agency liability and/or ostensible agency.

82. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered damages as set forth herein.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## DAMAGES

83. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

84. As a direct and proximate result of each of the named Defendants' actions as set forth in this Complaint, Plaintiff suffered injury and damages, including, but not limited to:

   a. Loss of liberty and property.

   b. Legal expenses.

   c. Indignity, mental distress, anxiety and sleeplessness, and depression.

   d. Embarrassment, shock, and trauma.

e.  Physical injury including multiple fractured ribs, a fractured spine and *sequalae* thereof.

f.  Extreme pain, anguish, and physical distress.

g.  Humiliation, fright, shock, fear, outrage, emotional distress, and psychological distress.

h.  Medical expenses.

i.  Other damages currently unascertainable but expected to be ascertained during the course of discovery in this case.

j.  Exemplary damages and reasonable attorney fees as provided by court rule and statutes, including but not limited to 42 U.S.C. § 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

Dated: August 12, 2019

s/ Phillip B. Toutant

_____
PHILLIP B. TOUTANT (P72992)
Attorney for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,

    Plaintiff,

v.

JUSTIN WONCH, and
TOWNSHIP OF FORSYTH,

    Defendants.

Case No.: 2:19-cv-159
Hon.

_____/

PHILLIP B. TOUTANT (P72992)
Numinen, DeForge & Toutant, P.C.
Attorneys for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

_____/

## JURY DEMAND

NOW COMES Plaintiff, Richard J. Hill, by and through his attorneys, Numinen, DeForge & Toutant, P.C. and hereby makes a demand for trial by jury in the above-captioned case.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

Dated: August 12, 2019

s/ Phillip B. Toutant

_____
PHILLIP B. TOUTANT (P72992)
Attorney for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com