IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL,<br><br>　　Plaintiff,<br><br>v<br><br>JUSTIN WONCH, and<br>TOWNSHIP OF FORSYTH,<br><br>　　Defendants.<br>_____/ | U.S. District Judge:<br>　Hon. Janet T. Neff<br><br>U.S. Magistrate Judge:<br>　Maarten Vermaat<br><br>Case No: 2:19-cv-159 |
| Phillip B. Toutant (P72992)<br>Karl P. Numinen (P46074)<br>NUMINEN DEFORGE & TOUTANT, P.C.<br>Attorneys for Plaintiff<br>105 Meeske Avenue<br>Marquette, MI  49855<br>(906) 226-2580 | Susan D. MacGregor (P41741)<br>KITCH DRUTCHAS WAGNER<br>　VALITUTTI & SHERBROOK<br>Attorneys for Defendants<br>1440 W. Ridge Street, Ste. C<br>Marquette, MI 49855-3199<br>(906) 228-0001 |

**DEFENDANT OFFICER WONCH'S
REQUEST FOR PRE-MOTION CONFERENCE**

　　Defendant Police Officer Justin Wonch hereby requests a pre-motion conference, where he wishes to obtain a ruling on whether he is entitled to qualified immunity from the instant claim.

　　This is a Section 1983 case in which Plaintiff Richard "Jack" Hill alleges that Forsyth Township Police Officer Justin Wonch used excessive force in the course of arresting him on March 22, 2019.  The entirety of the event at issue was recorded on Officer Wonch's body cam, which is the primary piece of evidence on which this motion will be based.

　　At about 9:30 p.m., Officer Wonch was called out to plaintiff's home when his common law wife (Vickie Lara) dialed 911 reporting Hill had attacked her.  Officer Wonch responded to the call alone as he was the only officer on duty at the time.  After some investigation, which included talking to Hill, Lara, and a visitor (Tim Normand) who witnessed the attack, Wonch asked Hill to cooperate with being handcuffed and arrested.  Hill who was obviously very drunk (PBT

**Kitch Drutchas
Wagner Valitutti &
Sherbrook**
ATTORNEYS AND
COUNSELORS
**1440 W. Ridge Street
Suite C
Marquette, Michigan**
49855-3199

(906) 228-0001

MAR01:72439.2

.214) defiantly refused, twice telling Officer Wonch he was not going to jail voluntarily, and suggesting that Wonch call for another officer as he was not going to be arrested without a fight. As Wonch continued to try to reason with Hill, Hill suddenly and inexplicably lunged for Lara. Officer Wonch responded immediately, preventing Hill from again attacking Lara by taking Hill down to the floor.

While pinned to the floor, Hill continued to resist arrest, refusing to let the officer handcuff him. Wonch then applied several knee strikes, a law enforcement technique used to gain control over an uncooperative subject. After one or two knee strikes, Wonch was able to get the cuff on Hill's left wrist. After a couple more knee strikes, plaintiff released his right arm from under his body and Wonch was able to get the second cuff applied. No further force was used on plaintiff from the point when Hill released his right arm finally allowing Wonch to secure the handcuffs. After being cuffed, plaintiff continued to passively resist by failing to cooperate with requests that he stand up and walk to the patrol car. Instead, he had to be dragged outside.

At no time during the course of events did plaintiff's words or behavior suggest he was in severe pain. He did not scream or even cry out; he did not wince; his body language showed no indicia of pain, such as holding his gut or guarding, when he was jostled or moved or dragged. Yet it turns out he suffered several broken ribs, which caused punctured lungs, and two spinal fractures, requiring fusion surgery.

The officer's Motion for Summary Judgment will assert that he is entitled to dismissal of the Fourth Amendment claim where the force used was not unreasonable under the circumstances. Where the material facts are not in dispute, whether the force used violated plaintiff's constitutional rights is a question of law. *Scott v. Harris*, 550 U.S. 372, 381, n.8 (2007). Here the videotape offers an indisputable view of the material facts.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

The law in this circuit was clear as of *Rudlaff v Gillispie,* 791 F.3d 638, 639 (6th Cir. 2015), where the Sixth Circuit (speaking through Judge David McKeague, formerly of this district) held: "A simple dichotomy thus emerges:  When a suspect actively resists arrest, the police can use a taser (or a knee strike) to subdue him; but when a suspect does not resist, or has stopped resisting, they cannot." *Id.* at 642.

Alternatively, assuming the force used was unreasonable, Officer Wonch is entitled to dismissal on the basis of Qualified Immunity, where "existing precedent" does not "place the lawfulness of the particular [action] beyond debate." *District of Columbia v Wesby,* 583 U.S. __, 138 S. Ct. 577, 581 (2018).  To be clearly established, a legal principle must be "settled law," and it must clearly prohibit the officer's conduct in the particular circumstances before him. *Id.* at 589-90.

While discovery is not yet completed, qualified immunity is "an immunity from suit rather than a mere defense to liability," and therefore the defendant here is entitled to resolution of the issue "at the earliest possible stage in litigation." *Scott v Harris,* 550 U.S. 372, 376, n.2 (2007).

The movant requests that counsel be allowed to attend the pre-motion conference by phone or videoconference in light of the Coronavirus limitations on travel and in-person interactions as well as the distance from Your Honor's courtroom.

                                        Respectfully submitted,

                                        KITCH DRUTCHAS WAGNER
                                        VALITUTTI & SHERBROOK

Dated:  July 2, 2020                    By:   */s/ Susan D. MacGregor*
                                              Attorneys for Defendants

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001