IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL,<br><br>    Plaintiff,<br><br>v<br><br>JUSTIN WONCH, and<br>TOWNSHIP OF FORSYTH<br><br>    Defendants.<br>_____ / | U.S. District Judge:<br>    Hon. Janet T. Neff<br><br>U.S. Magistrate Judge:<br>    Maarten Vermaat<br><br>Case No: 2:19-cv-159 |
| Phillip B. Toutant (P72992)<br>Karl P. Numinen (P46074)<br>NUMINEN DEFORGE & TOUTANT, P.C.<br>Attorneys for Plaintiff<br>105 Meeske Avenue<br>Marquette, MI  49855<br>(906) 226-2580 | Susan D. MacGregor (P41741)<br>KITCH DRUTCHAS WAGNER<br>    VALITUTTI & SHERBROOK<br>Attorneys for Defendants<br>1440 W. Ridge Street, Ste. C<br>Marquette, MI 49855-3199<br>(906) 228-0001 |

_____ /

**DEFENDANT FORSYTH TOWNSHIP'S
REQUEST FOR PRE-MOTION CONFERENCE**

Co-Defendant Police Officer Justin Wonch is contemporaneously herewith requesting a Pre-Motion Conference for his anticipated Motion for Summary Judgment, which is expected to raise two alternative grounds for dismissal.  In the event Officer Wonch's motion is granted on either ground, this defendant, Forsyth Township, the officer's employer, will likewise be entitled to Summary Judgment (for the reasons summarized below).  Forsyth Township thus hereby requests permission to file its Motion in compliance with the same briefing schedule as is set for Defendant Justin Wonch.

In Count I of the Complaint, Plaintiff Richard "Jack" Hill asserts that Forsyth Police Officer Justin Wonch used excessive force in violation of the Fourth Amendment during an arrest on March 22, 2019.  Bodycam video exists showing that plaintiff verbally and physically resisted

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001

MAR01:74968.1

arrest, and as a result the officer had to use control techniques to subdue and handcuff him. Plaintiff suffered severe injuries apparently as a result of the officer's knee strikes.

Officer Wonch's motion will seek dismissal of Count I, where the force used was reasonable (and therefore did not violate the plaintiff's Fourth Amendment rights); and/or where his actions did not violate clearly established law (therefore entitling him to Qualified Immunity).

In Count II of the Complaint, plaintiff asserts, pursuant to a *Monell* theory, that Forsyth Township caused the constitutional violation.

The Township's motion will ask for dismissal if the Officer's motion is granted, where: (a) The deprivation of a constitutional right is a prerequisite to municipal liability under Section 1983.  See *Pollard v. City of Columbus*, 780 F.3d 395, 401 (6th Cir. 2015).  Alternatively, where the officer is entitled to dismissal on qualified immunity grounds, then the fact that the right was not clearly established requires the conclusion that the Employer was not reckless or deliberately indifferent to the need for training or other corrective action to prevent a violation of that right.  A municipality cannot be deliberately indifferent to a history or pattern of unconstitutional conduct that has not yet been clearly established as such.  *Sumpter v Wayne County,* 868 F.3d 473, 490 (6th Cir. 2017); *Arrington Bey v City of Bedford Heights,* 858 F.3d 988, 994 (6th Cir. 2017); *Hagans v Franklin County Sheriff's Office,* 695 F.3d 505, 511 (6th Cir. 2012).

The movant requests that counsel be allowed to attend the pre-motion conference by phone or videoconference in light of the Coronavirus limitations on travel and in-person interactions as well as the distance from Your Honor's courtroom.

                Respectfully submitted,

                KITCH DRUTCHAS WAGNER
                VALITUTTI & SHERBROOK

Dated:  July 2, 2020                By:   /s/ *Susan D. MacGregor*
                                                  Susan D. MacGregor

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001