IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL,<br><br>    Plaintiff,<br><br>v<br><br>JUSTIN WONCH, and<br>TOWNSHIP OF FORSYTH,<br><br>    Defendants.<br>_____ / | U.S. District Judge:<br>  Hon. Janet T. Neff<br><br>U.S. Magistrate Judge:<br>  Maarten Vermaat<br><br>Case No: 2:19-cv-159 |
| Phillip B. Toutant (P72992)<br>Karl P. Numinen (P46074)<br>NUMINEN DEFORGE & TOUTANT, P.C.<br>Attorneys for Plaintiff<br>105 Meeske Avenue<br>Marquette, MI  49855<br>(906) 226-2580 | Susan D. MacGregor (P41741)<br>KITCH DRUTCHAS WAGNER<br>  VALITUTTI & SHERBROOK<br>Attorneys for Defendants<br>1440 W. Ridge Street, Ste. C<br>Marquette, MI 49855-3199<br>(906) 228-0001 |

_____ /

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION
TO STAY DISCOVERY**

In this lawsuit, plaintiff claims he was subjected to excessive force by Forsyth Township Police Officer Justin Wonch. The officer's body camera was running and digitally recorded the entire encounter.

Inasmuch as the encounter was recorded, and the events depicted on the video and the other undisputable facts clearly establish the constitutionality of the police officer's actions, there are no material factual disputes requiring jury resolution in this case. Moreover the law is not clearly established such that every reasonable officer faced with these same circumstances would have known his conduct was unconstitutional.

Therefore Defendant Wonch is entitled to dismissal on the merits, and/or, as an alternative ground, on the basis of Qualified Immunity.  His Answer to the Complaint asserts the defense of Qualified Immunity.  (PageID.49)

**Kitch Drutchas
Wagner Valitutti &
Sherbrook**
ATTORNEYS AND
COUNSELORS
1440 W. R*idge* S*treet*
S*uite* C
M*arquette*, M*ichigan*
49855-3199

(906) 228-0001

MAR01:74965.1

On July 2, 2020, defendants filed their Requests for Pre-Motion Conference as required by Judge Neff (PageID.83 and PageID.86), requesting leave to file their Motions for Summary Judgment, in which they will request consideration and resolution of the Qualified Immunity defense.  In addition, as is required by Supreme Court precedent, their Motions will also (necessarily) assert that Officer Wonch did not violate plaintiff's civil rights.  *See e.g. Saucier v Katz,* 553 U.S. 194, 201 (2001) (requiring the court to first determine whether a federal right was violated before addressing qualified immunity) (overruled on other grounds by *Pearson v Callahan,* 555 U.S. 223 (2009)); *Pearson v Callahan,* 555 U.S. 223 (2009) (overruling the rigid two-step framework of *Saucier,* while still encouraging consideration of the constitutional issue first, and thus requiring defendants to brief it, in order to permit the law of "clearly established rights" to continue to develop).

The U.S. Supreme Court has repeatedly held that until the threshold question of qualified immunity is resolved, discovery should be stayed, because qualified immunity is an immunity from suit, not just from liability.  *Scott v Harris*, 550 U.S. 372, 376, n.2 (2007); *Saucier v. Katz*, *supra,* at 201-202; *Siegert v. Gilley*, 500 U.S. 226, 231-233 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982).  These cases establish that, once defendant raises the issue of qualified immunity, it is incumbent on the court to expeditiously decide the motion and in the interim stay discovery in order that the defendants receive the full benefit of the defense. Until the threshold issues presented by the qualified immunity defense are resolved, "discovery should not be allowed." *Harlow, supra*, at 818.

Inasmuch as defendants raised the defense of qualified immunity in their Answer and seek to enjoy the full benefit of that defense, including any further burden or expense

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
**1440 W. Ridge Street
Suite C
Marquette, Michigan**
49855-3199

(906) 228-0001

of discovery, defendants request an order staying discovery pending resolution of the Qualified Immunity defense.

                              Respectfully submitted,

                              KITCH DRUTCHAS WAGNER
                              VALITUTTI & SHERBROOK

Dated:  July 2, 2020                By: */s/ Susan D. MacGregor*
                                                Attorneys for Defendants

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001