IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-JTN-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Janet T. Neff |
| | ) | |
| JUSTIN WONCH, and | ) | U.S. Magistrate Judge: |
| TOWNSHIP OF FORSYTH, | ) | Hon. Maarten Vermaat |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF RICHARD J. HILL'S RESPONSE TO DEFENDANT JUSTIN WONCH'S REQUEST FOR PRE-MOTION CONFERENCE**

I. **INTRODUCTION**

Is it an unconstitutional excessive use of force for a police officer to "bodyslam" and beat an unarmed, obese elderly and intoxicated man so severely as to cause 21 fractures after seeing the man unsuccessfully lunge towards his significant other? Is it unconstitutional for a police officer to pull a person to his feet and stand him up after just breaking his spine? Is it permissible for an officer to drag a severely injured person into the snow outside without performing any assessment of his injuries? Is it permissible for a police officer to leave someone face-down in the snow for *any* period of time where doing so is purely gratuitous and serves no law enforcement function whatsoever? There was absolutely no justification for the amount of force used or the conduct of Defendant Wonch. It is not a case where summary judgment is appropriate. Richard Hill's clearly established constitutional rights were violated.

II. **FACTS**

Defendant Justin Wonch—a police officer for Forsyth Township, Michigan—attacked Richard Hill on the night of March 22, 2019 while investigating a domestic violence call. When

Wonch told Hill he was under arrest for domestic violence, Mr. Hill lunged towards his significant other, Vicky Lara. However, he was unable to reach her because he was physically blocked by a couch, which he landed on. At that point, Defendant Wonch pounced on Hill, threw him to the ground and began beating him during the handcuffing process.

During the attack, Mr. Hill said "you're hurting me." Defendant Wonch responded by screaming "[f]ucking right. You wanna fucking attack people right in front of me?! Stupid fuck!" Officer Wonch repeatedly hit Mr. Hill with his knee and the heel of his hand. Witnesses differ in whether the beating continued after Mr. Hill was cuffed. Though Defendant Wonch did have a body cam, it did not capture much of the beating as he was up close, pummeling and cuffing the elderly man. Mr. Hill uttered cries of pain and asked if he had done something wrong. Defendant Wonch responded by saying "shut the fuck up. Fucking piece of shit." Wonch then screamed "YOU FUCKING WENT AFTER HER IN FRONT OF ME!" Wonch's screaming was so loud at this point that it distorted on his bodycam's microphone.

Defendant Wonch made no assessment of injuries and provided no first aid to Mr. Hill. Wonch told him to stand up. Mr. Hill said "I'm trying to." Defendant Wonch then recruited witness Timothy Normand to lift Mr. Hill and stand him up. Unable to stand, Mr. Hill fell back to the ground. Wonch got Mr. Normand to help drag Mr. Hill outside. However, Wonch instructed Normand to stop and leave Mr. Hill face down on the snow-covered ground. Multiple ambulances arrived on the scene. Wonch repeatedly implored the grievously injured man to "be a big boy" and walk, speaking to him like a child. He was shoved in the patrol car and taken to jail where Officer Wonch stated that he had "body slammed" Hill and "dragged" him outside when he could not or would not walk, which jail personnel included in her log notes. Jail staff heard Mr.

Hill saying "he beat me up" and complaining of pain. As a result, he was taken to the emergency department.

Mr. Hill was severely injured by the attack. He had multiple abrasions on his face and blood in his mouth when examined in the emergency department. Worse, Defendant Wonch had fractured Mr. Hill's spine in three places and broken 18 of his ribs. One of the spinal fractures required emergency neurosurgery. He spent two months in the hospital/nursing home.

### III.   ARGUMENT

Though some force may be used to control a noncompliant subject, government actors may not use excessive force to do so. Defendant Wonch's attack on Hill was excessive force from the get-go. A "bodyslam" is a professional wrestling move—not an appropriate subject control technique. Here, bodyslamming and then beating Mr. Hill was improper excessive force. Further, even if the initial use of force (the bodyslam) by Wonch was appropriate, the continued gratuitous beating of Mr. Hill once subdued was unconstitutional. Dragging him outside and leaving him face-down in the snow was also unconstitutional. Defendant Wonch violated Mr. Hill's clearly established rights. In sum, this is not a case where dispositive relief is appropriate. There are genuine issues of material fact here.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

s/ Phillip B. Toutant

_____
PHILLIP B. TOUTANT (P72992)
Attorney for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

3