IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,

  Plaintiff,

v

JUSTIN WONCH, and
TOWNSHIP OF FORSYTH,

  Defendants.

U.S. District Judge:
 Hon. Hala Y. Jarbou

U.S. Magistrate Judge:
 Maarten Vermaat

Case No: 2:19-cv-159

---

Phillip B. Toutant (P72992)
Karl P. Numinen (P46074)
NUMINEN DEFORGE & TOUTANT, P.C.
Attorneys for Plaintiff
105 Meeske Avenue
Marquette, MI  49855
(906) 226-2580

M. Sean Fosmire (P31737)
KITCH DRUTCHAS WAGNER
 VALITUTTI & SHERBROOK
Attorneys for Defendants
1440 W. Ridge Street, Ste. C
Marquette, MI 49855-3199
(906) 228-0001

---

**RENEWED MOTION FOR SUMMARY JUDGMENT
ON BEHALF OF DEFENDANT FORSYTH TOWNSHIP**

Preliminary Note - In ECF No. 12 filed 09/10/19 PageID.56, an order entered while this case was on the docket of Judge Janet Neff, the Court required a "pre-filing conference" before any dispositive motion is filed. We have attempted on two occasions to ask the court's scheduling personnel whether that requirement continues after transfer to the docket of Judge Jarbou and, if so, to schedule the conference. Court personnel have never responded. The notes of Susan MacGregor, who was previously handling this case on behalf of the defendants, say that the defendants' planned renewed motion on *Monell* issues has to be filed by three months before the trial date, that is, by January 25.

Defendant Forsyth Township, by its attorneys Kitch Drutchas Wagner Valitutti & Sherbrook, renews its Motion for Summary Judgment on the *Monell* principle, under Rule 56 of the Federal Rules of Civil Procedure. On the factual matters that form that basis of this Motion, there is no genuine issue of material fact between the parties, and the Township is entitled to

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001

MAR01:83294.1

judgment in its favor as a matter of law. That ruling is and would be independent of factual issues that remain as to the actions of defendant Wonch.

Both defendants previously filed a Motion for Summary Judgment dated October 2, 2020. [ECD 33, PageID.107] The Brief in support of the motion included [PgID.122] an argument on behalf of defendant Township as to Count II, based on the *Monell* rule limiting liability of a municipality under 42 USC 1983.

As this Court noted, the Township's *Monell* motion at that point was limited:

> Here, Defendants stake their motion for summary judgment on a simple premise: there is no valid failure-to-train claim where no constitutional violation has occurred, or where the right in question was not clearly established at the time of the alleged violation.

The Court, in its Opinion and Order dated March 10, 2021 [ECF 47, PageID.225], granted defendant Wonch's motion as to several of the claims, but denied his motion as to the claims relating to the use of "knee strikes." [PageID.231] As to the accompanying *Monell* motion by Forsyth Township, that motion was denied, based only on the fact that the court had made its ruling on knee strikes. [PageID.233] The Court stated that

> As explained above, there is a genuine dispute of material fact as to whether Officer Wonch violated a clearly established right when he used knee strikes against Hill while attempting to arrest him. Assuming Hill proves his case against Officer Wonch in this regard, then Forsyth could face *Monell* liability for the knee strikes.

The Court did not say that, if Hill proves his case against Wonch on this issue, the Township **would** face *Monell* liability. There are still independent showings that the plaintiff would be required to make in order to prove a claim under *Monell*. The Court now has sufficient information to determine that he will not be able to do so.

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

The Township at that point did not argue, and the Court thus did not rule, on any *Monell* claim as to the use of knee strikes that did not track the claim and ruling made as to Officer Wonch. This renewed Motion does so.

Even though there remains a question of fact for resolution by the jury on the question of whether defendant Wonch used excessive force while Hill was on the ground, after Hill was tackled and brought to the ground, and before he was removed from the apartment and taken outside, this does not automatically permit the imposition of liability on the Township. As the Court is aware, the Township cannot be held vicariously liable for the actions of Wonch. Liability of the Township, under the *Monell* rule, must be based on some direct action on its part – the plaintiff must plead and provide that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."

On November 4, 2021, after one delay occasioned by illness on the part of defense counsel, and another Covid-related delay, the deposition of Brian Kjellin, Chief of Police for Forsyth Township, was taken in Gwinn, Michigan. In that deposition, and in the exhibits that were attached, it was established that the Forsyth Township Police Department, in August 2016, did in fact adopt a department policy governing the use of force by its officers. Thus, there cannot be any *Monell* liability based on a failure to adopt such a policy.

The testimony of Chief Kjellin did not describe any facts on which a claim could be made that the department permitted or condoned a knowing disregard of this adopted policy.

Further, as had been previously disclosed by the Township in its answers to interrogatories in July 2021, it was established that officer Wonch had undergone training on

**Kitch Drutchas Wagner Valitutti & Sherbrook**
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001

numerous occasions, including (most prominently for the purposes of this Motion) training at the Police Academy at Northern Michigan University in 2017 on "Threat Pattern Recognition," a session that directly addresses situations involving the use of force.

Thus, under the undisputed facts now established, there can be no *Monell* claim made based on either a failure to adopt policies, a failure to enforce policies, or a failure to train Officer Wonch before the March 2019 incident here in question.

For these reasons, and as argued in the accompanying Brief, Forsyth Township requests that it be granted summary judgment on all *Monell* issues.

          Respectfully submitted,

          KITCH DRUTCHAS WAGNER
          VALITUTTI & SHERBROOK

Dated:  January 25, 2022        By:    /s/ *M. Sean Fosmire*
                                                          M. Sean Fosmire

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND
COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001