# EXHIBIT 4
# Forsyth Township Internal Investigations Policy

| EFFECTIVE DATE<br>August 1, 2014 | GUIDELINE NUMBER<br>LE-15 | TOTAL PAGES<br>6 |
|---|---|---|
| REFERENCE | SPECIAL INSTRUCTIONS | RE-EVALUATION |
| | **SUBJECT**<br>**INTERNAL INVESTIGATIONS** | |

I. PURPOSE

The purpose of this policy is to establish a formal procedure to document and investigate all complaints alleging misconduct or wrongdoing. It is designed to enhance and maintain the professional integrity of this department and its members. Behavior deviating from accepted standards and practices will not be tolerated.

II. POLICY

It is the policy of this department to accept, document, review, and investigate instances of alleged misconduct of any employee of the department. Allegations of misconduct will be investigated regardless of whether initiated by citizen complaint, other external agencies, internally generated, or discovered through the internal review and administrative processes of the department.

III. RESPONSIBILITIES FOR INTERNAL INVESTIGATION

   A. Upon receipt of a complaint, the Chief or his designee will make an initial determination whether to assume primary investigative responsibility for the case, refer it to the appropriate supervisor or other outside agency.

   B. A supervisor's investigation may be ordered stopped at any time and full investigative authority assumed by the Chief or his designee.

   C. Upon receipt of a supervisor's report concerning a violation of rules, the Chief shall forward a copy to the designee responsible for internal investigations, if one has been so appointed.

   D. If so assigned, the Chief's designee shall have primary supervisory responsibility for the review and investigation of all complaints against officers, whether initiated by a citizen, or the department. While investigating a complaint of misconduct, the Chief's designee is delegated the authority of the Sheriff for the purpose of directing the investigation.

   E. Record keeping responsibilities will include the following:

      1. All recordkeeping pertaining to internal investigations shall be consistent with Public Act 397, of 1978 (Section 9-2), commonly cited as the "Bullard-Plawecki Employee Right to Know Act." This Act makes specific allowance for the maintenance of



confidential records in a separate file for internal investigations of employees of a criminal justice agency.

2. Also consistent with Public Act 397 of 1978 (Section 1-2C), the confidential file for internal investigations shall not be considered a part of the official personnel record for the employee.

3. The separate file created consistent with Public Act 397 of 1978 for all employee investigations shall be maintained by the Police Chief.

F. The Chief or his designee shall have the following responsibilities:

1. Maintain a complaint log.

2. Maintain a central file for complaints in a secured area.

3. Conduct a regular audit of complaints to ascertain the need for changes in training or policy.

G. In the event that allegations involve both criminal and administrative rules violations, the Chief or his designee will:

1. Assign the criminal investigation to one investigator and the administrative rules violation to another. These investigations will be conducted independently of one another, each following the procedures outlined in this order, or

2. Request that an outside agency conduct the parallel criminal investigation.

IV. DUTIES AND RIGHTS DURING INVESTIGATION

A. Counsel at Interview

1. Officers shall be informed they are permitted to have an attorney or other personal representative with them in the room during any interview concerning allegations of misconduct by the employee.

2. The officer's representative is limited to acting as an observer of the interview, except when the interview focuses on, or leads to evidence of potential criminal activity by the officer. Then an officer's representative may advise and confer with the officer during the interview.

B. Scope of Questions During Interview

1. Prior to an interview the investigator must first determine, to the extent possible based on the facts known at the time, whether the allegations are criminal in nature or represent administrative rules violations.

    a. Once a determination is made, the investigator shall conduct the interview following the procedures outlined below in section B, 3.

    b.    If the allegations involve both administrative rules **and** criminal violations, the investigator shall report this information to the Chief or his designee so that the appropriate procedures may be implemented.

2. ***Criminal Investigations:*** Prior to an interview concerning alleged criminal misconduct:

    a.  The investigator will consult with the Prosecuting Attorney.

    b.  The officer under investigation shall be read the Miranda rights. Though only required in custodial interviews, it is the policy of this department that provisions of Miranda will be adhered to throughout the interview regardless of the issue of custody.

    c.  If, during the interview, the officer is compelled to answer the investigator's questions, any information discovered as the result of those answers can not be used in the furtherance of subsequent criminal proceedings.

3. ***Administrative Rules Violations:*** Prior to an internal interview concerning allegations of administrative violations:

    a.  The investigator may consult with the department's legal advisor or labor attorney.

    b.  The officer under investigation shall be advised as follows:

        i.  The officer is required to answer truthfully all questions specifically, narrowly, and directly related to the performance of his/her duties.

        ii. Refusal to comply with an order to answer such questions is a violation of departmental rules that may subject the officer to further discipline up to, and including, dismissal.

        iii. Any required self-incriminating admission made during the interview shall not be used against the officer in subsequent criminal proceedings.

        iv. If a statement is made indicating criminal violations, the investigator will immediately stop the interview. The interview may only proceed following the procedures detailed in section B, 2 (Criminal Violations) above.

C.  Special Examinations

    1.  If an identification line-up is solely for administrative purposes, and criminal prosecution is not anticipated, an officer can be required to participate in a line-up.

2. Property belonging to the County is subject to inspection. Property includes, but is not limited to, vehicles, desks, files, communication devices, electronic storage devices and media and storage lockers.

3. Property that is possessed, carried, or brought onto County property is subject to inspection. Property includes, but is not limited to, vehicles, desks, files, communication devices, electronic storage devices and media and storage lockers.

4. The Chief may, in the course of a criminal investigation, request a member of this department to submit to a polygraph examination.

D. Rights During an Internal Investigation

1. Prior to any interview or special examination, the officer under investigation will be given reasonable notice of the complaint, and the date, time, and location of the interview.

2. All interviews will be conducted while the officer is on duty, unless the seriousness of the investigation is such that an immediate interview is required.

3. The interview will be held at the department, or a location directed by the Chief.

4. During the course of the interview, the officer shall be allowed reasonable break periods for comfort, and upon request, for consultation with his/her representative.

5. Officers under investigation shall not be subjected to offensive or abusive language.

6. In accordance with the Polygraph Protection Act of 1988, no officer shall be required, requested, or suggested to submit to a polygraph examination for the purpose of any non-criminal investigation. However, any officer under investigation may request a polygraph examination. Prior to the polygraph examination, the officer shall be furnished a copy of the Act. The department will have final discretion in determining if a polygraph examination will be given when requested by an officer. If a polygraph examination is conducted, the results shall not be used as the single determinant of disciplinary action.

7. The interview shall be documented.

V. COMPLIANCE

Violations of this policy, or portions thereof, may result in disciplinary action.

VI. OFFICERS ASSIGNED TO OTHER AGENCIES

Officers of this department assigned to or assisting other law enforcement agencies will be guided by this policy.

VII. APPLICATION

This order constitutes department policy, and is not intended to enlarge the employer's or employee's civil or criminal liability in any way. It shall not be construed as the creation of a higher legal standard of safety or care in an evidentiary sense with respect to third party claims insofar as the employer's or employee's legal duty as imposed by law.

POLICY HISTORY:

Effective: August 1, 2014

Revised:

Reviewed:

_____

Adam J. LaFave, Interim Chief