IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-HYJ-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Janet T. Neff |
| | ) | |
| JUSTIN WONCH, and | ) | U.S. Magistrate Judge: |
| TOWNSHIP OF FORSYTH, | ) | Hon. Maarten Vermaat |
| | ) | |
| Defendants. | ) | |

# EXPEDITED CONSIDERATION REQUESTED

### PLAINTIFF'S MOTION TO AMEND EXPERT DISCLOSURE AND SUBSTITUTE EXPERT WITNESS

NOW COMES Plaintiff, Richard J. Hill, by and through his attorneys, Numinen, DeForge & Toutant, P.C., and for Plaintiff's Motion to Amend Expert Disclosure and Substitute Expert Witness, states the following:

1. Plaintiff seeks leave to substitute his police practices expert.

2. After diligent, repeated efforts to reach Plaintiff's police practices expert, Plaintiff's counsel has been unable to reach him after defense counsel recently requested dates for his deposition. Repeated phone calls have simply been unreturned.

3. Plaintiff does not seek to add an additional police practices expert. Rather, Plaintiff merely seeks to substitute his current police practices expert for another.

4.  Plaintiff has identified a new police practices expert who will review Plaintiff's case and who is willing to make himself available for deposition. However, he requires a retainer. Needless to say, paying a retainer to an expert Plaintiff is unable to produce or call as an expert witness is clearly counterproductive.

5.  Plaintiff sought concurrence to substitute his expert from defense counsel. Though this request seems fairly straightforward, defense counsel would not concur with the relief requested unless Plaintiff disclosed who the expert was, to allow defense counsel to decide whether or not to oppose the substitution. First off, it is improper for defense counsel to micromanage Plaintiff's choice of experts in such fashion. Second, Plaintiff's counsel would not normally be opposed to disclosing the substitute expert, but the expert has requested not to be disclosed until he is retained. This is a reasonable request for any expert witness, since allowing himself to be disclosed as an expert without being retained would negatively affect his credibility.

6.  Thus, Plaintiff is in a "chicken or egg" position, where he cannot disclose his proposed substitute expert without retaining him, but it is imprudent to pay an expert a retainer when he cannot be called as a witness.

7.  There is good cause to allow Plaintiff to substitute his police practices expert. His former expert's deposition was not requested until recently. This was due to: (a) defense counsel seeking and obtaining a stay of discovery while Defendants' (first) Motion for Summary Judgment was pending; and (b) defense counsel not proceeding to take depositions for a sustained period due to current counsels' predecessor suffering a prolonged illness. Why Plaintiff's expert has now gone silent is unknown and certainly unexpected.

8.       Discovery is open until April 11, 2022. If requested, defense counsel will have sufficient time to complete a deposition of Plaintiff's substitute expert before the close of discovery. Therefore, there will be no prejudice to Defendants' counsel.

9.       There is nothing Plaintiff's counsel could have done to avoid the need to substitute his expert witness. There will be no prejudice to defense counsel. Plaintiff's counsel is frankly surprised that defense counsel would not concur with what is a reasonably straightforward request.  Pursuant to Fed. R. Civ. P. 16(b), there is good cause to allow Plaintiff to substitute his expert witness.

10.       **Basis for Request for Expedited Consideration.** Pursuant to LCivR 7.1(e), Plaintiff requests expedited consideration of his Motion to Substitute Expert Witness. Plaintiff requests expedited consideration of his Motion because if the court were not to expedite consideration of the Motion, defense counsel would have fewer dates to obtain the deposition of Plaintiff's police practices expert. Therefore, the relief requested by this motion may be moot if considered in accordance with the schedules set forth in the Local Civil Rules for the Court.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff's Motion and allow him to substitute Isaiah McKinnon with his new police practices expert, to be formally retained, identified, and offered for deposition to opposing counsel promptly after the Court grants this Motion.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

s/ Phillip B. Toutant

_____
PHILLIP B. TOUTANT (P72992)
Attorney for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com