UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,

    Plaintiff,

v.

    Case No. 2:19-cv-159

    Hon. Hala Y. Jarbou

JUSTIN WONCH, et al.,

    Defendants.
_____/

## ORDER

Plaintiff Richard J. Hill brings a civil rights action under 42 U.S.C. § 1983 against Defendant Officer Justin Wonch for excessive force during his arrest in violation of his Fourth Amendment rights and against Defendant Forsyth Township Police Department ("FTPD") for failure to train or supervise and ratification of illegal activities under *Monell*. Both Defendants previously filed a Motion for Summary Judgment which the Court granted in part and denied in part. (*See* ECF Nos. 33, 47.) The remaining claims are one count of excessive force against Wonch for his use of knee strikes on Plaintiff and *Monell* liability against FTPD. The facts of this case can be found in the Court's March 10, 2021 opinion. (3/10/2021 Op., ECF No. 47.) Now Defendant FTPD brings a renewed motion for summary judgment on the *Monell* liability claim. (ECF No. 64.) For the reasons stated below, the motion will be granted.

### I. STANDARD

Summary judgment is appropriate when the moving party demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely disputed when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."

*Id.* at 249 (citing *First Nat'l Bank of Ariz. v. City Serv. Co.*, 391 U.S. 253, 288-89 (1961)). "Courts consider the evidence in light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 679 (6th Cir. 2013).

## II. ANALYSIS

A Municipality can be liable under § 1983 for constitutional violations, but it "cannot be liable for the constitutional torts of its employees." *Powers v. Hamilton Cnty. Pub. Def. Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). In other words, "[a] municipality may not be held liable under § 1983 on a *respondeat superior* theory . . . '*solely* because it employs a tortfeasor.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 388-89 (6th Cir. 2014) (quoting *Monell*, 436 U.S. at 691 (emphasis in original)). A plaintiff must demonstrate that the alleged federal violation occurred because of a municipal policy or custom. *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). The plaintiff must establish that the policy or custom was the "'moving force' behind the deprivation of the plaintiff's rights." *Powers*, 501 F.3d at 607. There are four ways a plaintiff can show an illegal policy or custom: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations." *Id.* Here, Plaintiff alleges his *Monell* claim through the second and third avenues.

### A. Ratification by Decision-Maker

"A plaintiff can establish municipal liability by showing that the municipality ratifies the unconstitutional acts of its employees by failing to meaningfully investigate and punish allegations of unconstitutional conduct." *Wright v. City of Euclid*, 962 F.3d 852, 882 (6th Cir. 2020) (citing *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1247-48 (6th Cir. 1990)).

Plaintiff relies primarily on *Marchese v. Lucas* for the proposition that a failure to investigate one instance of allegedly unconstitutional conduct can be considered "ratification" of that conduct, sufficient to create *Monell* liability. *Marchese v. Lucas*, 758 F.2d 181, 188-89 (6th Cir. 1985); *see Leach*, 891 F.2d at 1248. However, the Sixth Circuit clarified in *Pineda v. Hamilton County* and reiterated in *Kirk v. Calhoun County*, that the scope of this ratification theory is restricted. *Kirk v. Calhoun Cnty.*, Nos. 19-2456/20-1365, 2021 WL 2929736, at *7 (6th Cir. July 12, 2021) (citing *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 495 (6th Cir. 2020)). Rather than just one instance of failure to investigate, "a plaintiff must show that 'there was a pattern of inadequately investigating similar claims.'" *Kirk*, 2021 WL 2929736, at *7 (quoting *Burgess*, 735 F.3d at 478); *see also Pineda*, 977 F.3d at 495 ("[W]e have held that an allegation of a *single* failure to investigate a single plaintiff's claim does not suffice."). This requirement follows from § 1983's causation element in order to protect municipalities from *respondeat superior* liability. *Pineda*, 977 F.3d at 495 ("[T]he Supreme Court has held that § 1983 imposes a 'rigorous' causation standard where, as here, a plaintiff seeks to hold a local entity liable for its employee's actions.").

Plaintiff points to *Wright*, where the officer responsible for the review of all incidents of officer-involved force testified that "he had never heard of a use-of-force incident by another Euclid officer that he deemed inappropriate." 962 F.3d at 882. The Sixth Circuit found that this "move[d] the needle so that a reasonable jury could decide that use of excessive force is ratified by the department." *Id.* Here, by contrast, there are no other allegations of failures to investigate other than for Plaintiff's claim. However, Plaintiff argues that the facts here are similar to that in *Wright*, because FTPD stated that there were no credible civil rights complaints made against the department since 1990. In FTPD's answers to Plaintiff's interrogatories, FTPD stated "To the best of my knowledge, . . . there has been two civil rights complaints filed against this agency by the

3

same person . . . . and found to be not credible with no action taken." (ECF No. 65-2, PageID.291.) In *Wright*, the officer's statement, and the fact that use-of-force incidents were repeatedly resolved in favor of officers led to an inference that there were repeated failures to investigate. 962 F.3d at 882. Here, there have only been two other complaints by one person against FTPD since 1990. Even in the light most favorable to Plaintiff, it cannot be inferred that there were failures to investigate in those instances. Because there is no pattern of inadequate investigations, FTPD cannot be held liable for Plaintiff's claim that FTPD failed to investigate in this instance.

### B. Failure to Train or Supervise

"[T]o show that a municipality is liable for a failure to train its employees, a plaintiff 'must establish that: (1) the city's training program was inadequate for the tasks that officers must perform; (2) the inadequacy was the result of the City's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury.'" *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019) (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006)). "[D]eliberate indifference is a stringent standard of fault." *Id.* Deliberate indifference can be shown by either (1) "prior instances of unconstitutional conduct demonstrating that the City had notice that the training was deficient and likely to cause injury but ignored it or (2) evidence of a single violation of federal rights, accompanied by a showing that the City had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation." *Id.* at 836 (citing *Campbell v. City of Springboro*, 700 F.3d 779, 794 (6th Cir. 2012)); *Griffith v. Franklin Cnty.*, 975 F.3d 554, 583 (6th Cir. 2020). The Supreme Court explained the single-violation theory in *City of Canton v. Harris*, stating "it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers

4

of the city can reasonably be said to have been deliberately indifferent to the need." 489 U.S. 378, 390 (1989).

Plaintiff has not shown any prior instances of unconstitutional conduct but argues that Officer Wonch's conduct and lack of training satisfies the second avenue for showing deliberate indifference. Defendant points to evidence that Wonch has received use-of-force training. In 2017, Wonch participated in a 40-hour training on "Threat Pattern Recognition" that focused on threat recognition and use of force. (Ex. B, ECF No. 65-2, PageID.300.) He also attended annual firearms training, which also covered use of force, up until 2018, a year before the events in this case. (Kjellin Dep. 35, ECF No. 68.) Plaintiff has not made any showing or argument that a need for more or different training is so obvious and the inadequacy in Wonch's training is so likely to result in the violation of constitutional rights, that FTPD can reasonably be said to have been deliberately indifferent. *Harris*, 489 U.S. at 390. Therefore, FTPD cannot be held liable under *Monell* for failure to train.

Accordingly,

**IT IS ORDERED** that Defendant's renewed motion for summary judgment (ECF No. 64) is **GRANTED**.

**IT IS FURTHER ORDERED** that **JUDGMENT** is **GRANTED** in favor of Defendant Forsyth Township Police Department and therefore, Defendant Forsyth Township Police Department is **DISMISSED**.

Dated:  April 5, 2022                              /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   UNITED STATES DISTRICT JUDGE