UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL, | U.S. District Judge: |
| Plaintiff, | Hon. Hala Y. Jarbou |
| v | U.S. Magistrate Judge: |
| JUSTIN WONCH, | Maarten Vermaat |
| Defendant | Case No: 2:19-cv-159 |

Phillip B. Toutant
Karl P. Numinen
NUMINEN DEFORGE & TOUTANT, P.C.
Attorneys for Plaintiff
105 Meeske Avenue
Marquette, MI  49855
(906) 226-2580

M. Sean Fosmire
KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK
Attorneys for Defendant
1440 W. Ridge Street, Ste. C
Marquette, MI 49855-3199
(906) 228-0001

**DEFENDANT'S BRIEF ON PUNITIVE DAMAGES**

Plaintiff will be asking the court to instruct the jury on an award of punitive damages as part of his claim. Punitive damages are an element of damages that the Federal courts sometimes recognize in §1983 cases, but it appears that they have normally been allowed in Federal courts sitting in states which themselves allow for punitive damages under their state laws.

The Federal courts have not defined the contours of when and where an instruction on punitive damages is proper. As the court is well aware, the Federal courts have frequently characterized §1983 as a "species of tort liability." *Memphis Community School Dist. v. Stachura*, 477 U. S. 299, 305 (1986) They have drawn upon "the common law of torts" in filling in the details on how damages may be claimed, wrongful acts alleged, causation established. Although a case brought under §1983 is a Federal question case based on Federal law and is not

based on state substantive law under the *Erie* doctrine, as it would be in a case based on diversity jurisdiction, Federal courts have frequently concluded that their resolution of certain legal issues should be guided by the law of the state, when Federal law does not resolve those issues, so long those principles are not in conflict with the goals that the Civil Rights Act of 1871 were intended to achieve.

To that end, the defendant requests that this Court, in its instructions to the jury, not include a punitive damages instruction because punitive damages are not recognized and are not permitted under the substantive law of the State of Michigan.

Although the Federal courts regard §1983 claims as a species of tort liability, they have been remarkably noncommittal about where the rules that are not explicitly declared in the statute are supposed to come from. Do they come from a Federal common law of torts[1], or from adaptation and importation of state tort laws? In most cases, of course, there is no need to make the inquiry. Most of the rules that apply to pleading a claim, proving a wrongful act, showing a causal connection between the wrongful act and the damages sustained, and assessing the damages are common to any tort system. The general rules are similar in all states, and they are also used in the Federal courts. See *Carey v. Piphus*, 435 U. S. 247, 257-258 (1978):

> "Over the centuries the common law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights. These rules, defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under §1983 as well."

---

[1] The Federal courts have been, in general, hesitant to create new Federal "common law" rules.

But there are numerous differences among the states with respect to some of the details. Different statutes of limitation apply. Who can make a claim can vary. There are different rules that apply to the assessment and recovery of damages. When we look at the manner in which the Federal courts have addressed those differences, we see that there is a regular tendency on the part of the Federal courts to import the substantive tort laws of the state in which they are sitting.

There are two statutes that are often cited. The Rules of Decision Act, 28 U.S.C. §1652, provides:

> §1652. State laws as rules of decision
>
> The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply.

And 42 U.S.C. §1988(a) provides:

> §1988. Proceedings in vindication of civil rights
>
> (a) Applicability of statutory and common law
>
> The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

Section 1988, which was enacted before the Civil Rights Act of 1871, tells us that the court is to first look to "the laws of the United States" if they are suitable to accomplish the goals of the statute, failing which it is also authorized to use the common law of the state where the court sits, as modified and changed by state statutes, as long as those state provisions are not inconsistent with the Constitution and laws of the United States. Applying that section to this case:

1. As we know, there is nothing in the language of the Civil Rights Act of 1871 that expressly provides for punitive damages as an element of recovery.
2. There is nothing in any of the other "laws of the United States" that would import a punitive damages claim into a §1983 case.
3. The common law of the State of Michigan does not recognize punitive damages except when expressly provided by statute.

In *McAuley v. General Motors Corp.*, 457 Mich. 513, 578 NW 2d 282 (1998), the Michigan Supreme Court noted:

> It is well established that generally only compensatory damages are available in Michigan and that **punitive sanctions may not be imposed**.[8] See *Hayes-Albion Corp. v. Kuberski*, 421 Mich. 170, 187, 364 N.W.2d 609 (1984), *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich. 401, 419, 295 N.W.2d 50 (1980), *Hicks v. Ottewell*, 174 Mich.App. 750, 755, 436 N.W.2d 453 (1989), and *In re Disaster at Detroit Metropolitan Airport on August 16, 1987*, 750 F.Supp. 793, 805 (E.D.Mich., 1989).

The court's footnote 8 went on to observe, "We are aware of statutory exceptions to this general rule that specifically provide for punitive damages, e.g., MCL §15.240(7), MCL §600.2911(2)(b), MCL §750.539h(c)." None of those three sections applies here.

There are several Federal cases that have applied state-created statutes of limitation and the related rules that apply to them, including tolling of the statutes, when claims accrue,

etc., in light of the fact that (at least in previous years), neither §1983 nor any other Federal law provided for a limitations period. See *Johnson v. Railway Express Agency, Inc.*, 421 US 454 (1975) (applicability of Tennessee's statute of limitations and its tolling provisions); *Hardin v. Straub*, 490 U.S. 536 (1989) (Michigan's statute of limitations and its "infancy" tolling provision)

There are not many decisions that address these issues outside of the statute of limitations analysis. One prominent Supreme Court decision which did so is *Robertson v. Wegmann*, 436 U.S. 584 (1978). Clay Shaw, a New Orleans businessman, was prosecuted by District Attorney Jim Garrison in the aftermath of the Kennedy assassination. After he was acquitted, Shaw filed a §1983 action against Garrison and others. Shaw died in 1974, just a few months before the scheduled trial date. The district court was asked to dismiss the case, based on a Louisiana statute that provided for abatement of such causes of action when a party dies without leaving a family member as his successor. The district court refused to do so, concluding that applying the state statute would be inconsistent with the purpose of §1983. The 5th Circuit agreed. The Supreme Court, writing by Justice Marshall, **reversed**, finding that the Louisiana statue did apply and that the case should have been dismissed.

The District Court's conclusions were:

- The court found the federal civil rights laws to be "deficient in not providing for survival" of Shaw's claim after his death.
- It found that, under Louisiana law, an action like Shaw's would survive only in favor of a spouse, children, parents, or siblings. There were no such persons.
- The court found the state rule to be "inconsistent with" federal law. It instead declared "a federal common law of survival in civil rights actions in favor of the personal representative of the deceased."

In his majority opinion, Justice Marshall stated:

> Despite the broad sweep of §1983, we can find nothing in the statute or its underlying policies to indicate that a state law causing abatement of a particular action should invariably be ignored in favor of a rule of absolute survivorship. The policies underlying §1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law. No claim is made here that Louisiana's survivorship laws are in general inconsistent with these policies, and indeed most Louisiana actions survive the plaintiff's death. Moreover, certain types of actions that would abate automatically on the plaintiff's death in many States—for example, actions for defamation and malicious prosecution—would apparently survive in Louisiana. In actions other than those for damage to property, however, Louisiana does not allow the deceased's personal representative to be substituted as plaintiff; rather, the action survives only in favor of a spouse, children, parents, or siblings. But surely few persons are not survived by one of these close relatives, and in any event no contention is made here that Louisiana's decision to restrict certain survivorship rights in this manner is an unreasonable one. [citations omitted]

This prominent decision outside of the statute of limitations context provides a strong argument in this case in favor of applying Michigan law with respect to punitive damages. The argument in favor of following Michigan law is even stronger here, since in *Robertson* the entire case was dismissed as a result of the abatement rule, while a ruling prohibiting recovery of punitive damages in the present case simply removes one element of plaintiff's claim from the calculations.

The complaint filed in this case combines a Federal §1983 claim in Count I with a state law-based claim for assault and battery under Count II. If the court were to allow punitive damages under Count I but not under Count II, the jury would be unduly confused by the contradictory principles that it is going to be asked to accept and follow. This is a further reason that it is appropriate for the court to adopt a consistent rule that applies to all elements of plaintiff's damages claim.

The court is therefore requested to reject plaintiff's request for an instruction to the jury on punitive damages.

KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK

Date: April 11, 2022

By: /s/ M. Sean Fosmire
Attorney for Defendants