IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-HYJ-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Janet T. Neff |
| | ) | |
| JUSTIN WONCH, | ) | U.S. Magistrate Judge: |
| | ) | Hon. Maarten Vermaat |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff Richard J. Hill states the following in support of his Motions in Limine:

**I.     INTRODUCTION/BACKGROUND**

This is a 42 U.S.C. § 1983 case arising out of an excessive force incident that occurred on March 22, 2019. Plaintiff alleges that Defendant Justin Wonch violated his Fourth Amendment rights when he used excessive force when arresting him. After rulings on dispositive motions, the only issues to be tried are: (a) whether Officer Wonch used excessive/unreasonable force against Mr. Hill after he had been thrown to the ground and subdued; and (b) whether Officer Wonch is liable for a state law tort claim for assault and battery for the same sequence of events.

Based upon materials Defendant has produced in the course of discovery, Plaintiff's counsel has reason to believe that Defendant will attempt to produce a large amount of objectionable evidence. Such evidence, if discussed in front of the jury, poses the risk of irreparable injury to Plaintiff's case, irrespective of limiting or cautionary instructions that the

Court may make if Plaintiff's trial objections are sustained. Consequently, Plaintiff seeks rulings on the following prior to the commencement of trial.

    II.    **MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PRIOR CRIMINAL INVESTIGATIONS AND CONVICTION**

    A.    **Summary of the Disputed Evidence**

Plaintiff seeks to preclude introduction of evidence/testimony as to two prior investigations into Plaintiff and his longtime girlfriend Vickie Lara by the Forsyth Township Police Department. Officer Wonch injected these unrelated incidents into this case as early as his Fed. R. Civ. P. 26(a)(1) disclosures. Specifically, Defendant included police reports from 2009 and 2012. In the 2009 report, Ms. Lara was being investigated for domestic assault against Mr. Hill. In the 2012 report, Mr. Hill was being investigated for domestic assault against Ms. Lara. Officer Wonch did not respond to either of these incidents or author either of the reports.

To date, Defendant has not identified his purpose for introducing evidence of these prior investigations/conviction concerning Mr. Hill. Plaintiff's counsel is left to guess as to why these reports were produced by Defendant, who presumably considered them as being within the scope of Fed. R. Civ. P. 26(b)(1). However, they have no place in the trial of this civil rights/battery case.

    B.    **Relevance Standards Under FRE 401-402 & 403**

To be relevant, evidence must (a) have "any tendency to make a fact more or less probable than it would be without the evidence;" and (b) be "of consequence in determining the action." FRE 401. Irrelevant evidence is inadmissible. FRE 402. Under certain circumstances, even relevant evidence can be excluded from evidence under Article IV of the Federal Rules of Evidence. In relevant part, FRE 403 states that:

> [t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Thus, the FRE 403 balancing can require the exclusion of otherwise relevant evidence. In FRE 403, the phrase "unfair prejudice" means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. U.S.*, 519 U.S. 172, 180; 117 S.Ct. 172; 117 L.Ed.2d 574 (1997).

When a court is balancing whether the probative value of disputed evidence is substantially outweighed by the risk of unfair prejudice, the court should assess the potential prejudice of an item of evidence in the context of all other alternative evidence available to the proffering party along with that alternative evidence's risk of unfair prejudice. *Id.* at 183-185. The rules of evidence are not so "odd" as to allow a party to proffer a piece of evidence "carrying the greatest threat of improper influence, despite the availability of less prejudicial but equally probative evidence." *Id.* at 183.

  C. <u>**Discussion**</u>

Evidence of these prior police investigations and conviction into Mr. Hill should be ruled inadmissible. At issue at trial is (1) whether Officer Wonch used excessive force in violation of Mr. Hill's Fourth Amendment rights on March 22, 2019; and (2) whether Officer Wonch committed an assault and battery against Mr. Hill. Prior criminal investigations concerning domestic disputes between Mr. Hill and Ms. Lara have no bearing on whether Mr. Hill's Fourth Amendment rights were violated or whether Officer Wonch assaulted/battered Mr. Hill. Officer Wonch was not involved with the calls that generated these reports. These prior specific instances of conduct are irrelevant to the issues to be determined in this case.

Moreover, evidence of these prior investigations/conviction fail the FRE 403 balancing. It is anticipated that the defense will attempt to introduce this evidence on a basis as of yet unknown. The defense may use the prior incidents to claim that Officer Wonch was familiar with Hill and Lara. However, these arguments are likely a pretext for the purpose of misleading the jury, enflaming jurors' emotions, or implying that Mr. Hill deserved what he got. For that matter, Officer Wonch did not respond to these prior incidents. Evidence of these prior incidents creates "an undue tendency to suggest decision on an improper basis," such as "an emotional one." *Old Chief*, *supra*, at 180. As such, evidence of these prior criminal investigations and conviction should be excluded from evidence at trial.

### III.     MOTION IN LIMINE TO EXCLUDE EVIDENCE OF UNDERLYING CONVICTIONS

This case is not about the adjudication of the allegations against Mr. Hill. He was convicted of attempted resisting and obstructing a police officer and convicted of domestic violence, second offense in the 96th District Court for the County of Marquette. A conviction for attempted resisting and obstructing has been found not to conflict with an excessive force claim. *Schreiber v. Moe*, 596 F.3d 323, 334-335 (6th Cir. 2010). "Generally speaking, a claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable." *Id.* at 334 (internal citations and quotations omitted). Because there is no overlap of the elements of the excessive force claim and the underlying offences here, the adjudication of Mr. Hill's underlying criminal cases is irrelevant. *See* FRE 401-402 analysis above, § II(B), *supra*. Irrelevant evidence is inadmissible. *Id.*

Further, the disposition of the underlying criminal action also fails the FRE 403 balancing. Mr. Hill's convictions have little or no bearing on the issues to be tried. Therefore,

4

they possess little probative value. However, the risk of unfair prejudice, confusing the issues, and/or misleading the jury is high. *See* FRE 403 analysis above, § II(B), *supra*. The risks attendant to this evidence substantially outweigh any probative value it possesses. *Id.* Therefore, it should be kept out of evidence.

### IV. MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DEFENDANT'S "GOOD INTENTIONS"

Plaintiff seeks to exclude from evidence testimony/arguments that Officer Wonch was acting with good intentions, and similar mischaracterizations of the facts. When the defense deposed Ken Katsaris (Plaintiff's police practices expert), defense counsel argued that Officer Wonch double locked Mr. Hill's cuffs, characterizing his doing so as an act of kindness or comfort to the arrestee. (Transcript pending; Plaintiff will supplement). Mind you, Officer Wonch also screamed at Hill that he was a "fucking piece of shit" while he is double locking the cuffs. Mr. Katsaris testified that it was similarly possible that Officer Wonch was double locking Mr. Hill's cuffs in an overly tight fashion. This is supported by Officer Wonch's comments while double locking the cuffs. This cannot be said to be evidence of "good intentions." The jury will have to assess whether Officer Wonch's conduct was objectively reasonable, not whether he was acting with good intentions. Characterizations of this nature are irrelevant red herrings. *See* FRE 401-402 analysis above, § II(B), *supra*. Irrelevant evidence is inadmissible. *Id.*

Arguments of this nature are likely to inflame the passions of the jury and is subject to the "undue tendency to suggest decision on an improper basis ... " that was proscribed in *Old Chief*, 519 U.S. at 180. Since Officer Wonch's purportedly benevolent conduct is blatantly contradicted by video evidence, there is little probative value to testimony or argument that he was acting

5

toward Mr. Hill with "best intentions," or similar characterizations. As such, testimony or arguments of this nature fail the balancing under MRE 403 and should not be part of this trial.

### V. MOTION IN LIMINE TO PRECLUDE TESTIMONY/ARGUMENTS THAT DEFENDANT'S USE OF FORCE AGAINST PLAINTIFF WAS A "SPLIT-SECOND DECISION"

At the recent deposition of Plaintiff's expert witness, Ken Katsaris, counsel for Defendant repeatedly attempted to get Mr. Katsaris to concede that Officer Wonch was faced with a "split-second decision" when he elected to perform repeated knee strikes to Mr. Hill's back. Counsel for Defendant has similarly characterized Officer Wonch's knee strikes on Plaintiff elsewhere. Plaintiff's counsel reasonably anticipates that the defense will attempt to characterize this incident similarly at trial. Allowing the defense to do so would be improper.

Plaintiff seeks to exclude such evidence of arguments that Officer Wonch was faced with a split-second decision, snap judgment, *etc.* because such characterizations plainly depart from the objective evidence at hand. The bodycam video of the subject incident is already part of the Court's record.[1] The bodycam footage plainly shows that the excessive force incident that will be presented to the jury was ***not*** the result of a split-second incident or decision. Rather, Officer Wonch repeatedly delivered knee strikes Mr. Hill for a period of approximately 40 seconds (Arrest video, approximately 15:00-15:41). 40 seconds is not a "split-second." In the context of an arrest like this, "split-second" is basically the opposite.[2] Allowing the defense to claim that

---

[1] **Exhibit 1** to Defendant Wonch's Brief in Support of Motion for Summary Judgment, ECF 34-1; PageID.127 (coversheet only; footage submitted via USPS. If this evidence is no longer conveniently available to the Court, Plaintiff is willing to resubmit via overnight courier upon request).

[2] To further illustrate, a 2008 ***International Harvester Prostar semi-truck*** can go from 0-60 mph in 24.2 seconds—nearly half the time. Zeroto60times.com; *Slowest Cars 0-60 Times*, <https://www.zeroto60times.com/slowest-cars-0-60-mph-times/> (accessed April 9, 2022).

Officer Wonch's series of crippling knee strikes precipitated from a "split-second" decision would be allowing the defense to present facts not in evidence. It seems difficult to dispute the reality that within a period of 40 seconds, an objectively reasonable officer could and should reassess his situation in his efforts to subdue an unarmed person who is eligible for AARP membership. Yet this is what the defense is trying to accomplish by mischaracterizing Officer Wonch's situation as being that of a "split-second" decision.

Defendant moved for summary judgment as to Officer Wonch's actions in this case. ECF 34. In relevant part, the Court granted summary judgment on qualified immunity grounds as to Officer Wonch's handling of his takedown of Mr. Hill.[3] Under the Court's ruling, Plaintiff's excessive force claims concerning Officer Wonch's hard takedown of Mr. Hill cannot be argued to the jury. *See* n. 3, *supra*. In granting summary judgment as to this part of the arrest, the Court cited *Kent v. Oakland Cnty.*[4] when holding that the reasonableness test under the excessive force inquiry "must account for the need of police to make split-second decisions in rapidly changing situations ... " Court's Op., ECF No. 47, PageID.229. The defense should not be allowed to paint 40 seconds of knee strikes with the same brush.

Testimony/arguments that Officer Wonch was faced with a split-second decision are irrelevant and fail the FRE 403 balancing. As to FRE 401, testimony or arguments that Officer Wonch was faced with a split-second decision has no probative force whatsoever, as it is a blatant mischaracterization of the arrest he performed. Thus, it is irrelevant. *See* FRE 401-402 analysis above, § II(B), *supra*. Similarly, such evidence/arguments fail the FRE 403 analysis. On one

---

[3] Court's Op., ECF No. 47, PageID.230-PageID.231.

[4] 810 F.3d 384, 390 (6th Cir. 2016) (internal citations and question marks omitted)

7

hand, such arguments/evidence possess minimal probative value, if any. On the other hand, the risk of unfair prejudice to Plaintiff is extreme where the defense attempts to justify Officer Wonch's actions by presenting them as a near-instant decision to preserve life and limb. The risk of unfair prejudice is simply too high. The risk of misleading the jury is also high. Defendant should not be allowed to offer testimony or arguments that Officer Wonch was faced with a split-second decision.

### VI. MOTION IN LIMINE TO PRECLUDE EVIDENCE/ARGUMENTS OF COLLATERAL SOURCE PAYMENTS

As a consequence of this incident, Mr. Hill required emergency neurosurgery, spent approximately one month in the hospital, followed by approximately one month in a skilled nursing facility. All told, his medical bills near $300,000. It is anticipated that Defendant will imply or argue that some of these bills were paid by collateral sources. Evidence of collateral source payments should not be for the jury. *Gill v. Maciejewski*, 546 F.3d 557, 564-565 (8th Cir. 2008) (federal common law collateral source rule precluded application of state damages law in 42 U.S.C. § 1983 claim); see also *Hamline v. Charter Twp. of Flint*, 165 F.3d 426, 433-435 (6th Cir. 1999) (6th Circuit applying common law collateral source rule in federal Americans with Disabilities Act allegations and state law claims); *see also* Avery, et al., *Police Misconduct*, 3d ed., p. 747 § 13.4 (2010).

Improper collateral source arguments run afoul of relevance rules. Specifically, as the amount of collateral source payments is not applicable in this case, it is irrelevant and inadmissible. *See* FRE 401-402 analysis above, § II(B), *supra*. Irrelevant evidence is inadmissible. *Id.* Moreover, because collateral source payments are inapplicable to this civil rights case, the probative value of introduction of arguments/evidence re: same is substantially outweighed by

the danger of confusing the issues and/or misleading the jury. *See* FRE 403 analysis above, § II(B), *supra*. Evidence/arguments concerning collateral source payments should not be introduced to the jury.

## VII. MOTION IN LIMINE TO EXCLUDE EVIDENCE/ARGUMENTS CONCERNING PLAINTIFF'S HISTORY OF SUBSTANCE ABUSE

It is anticipated that Officer Wonch will attempt to introduce evidence of Mr. Hill's past alcohol abuse. By way of example, in the course of discovery, medical records concerning Mr. Hill's prior treatment for alcohol abuse have been produced, along with other evidence of Mr. Hill's use/abuse of alcohol on previous occasions. Mr. Hill acknowledges that he has struggled with alcohol abuse in the past. However, medical records from the past and specific instances of prior conduct involving alcohol have no bearing on the issues at hand in this case. The only purpose of introducing such evidence would be to embarrass Mr. Hill and prejudice the jury against him.

Here, Mr. Hill's history of alcohol abuse is of no consequence to the determination of this action, and has no probative force concerning Plaintiff's claims or Defendant's affirmative defenses. As such, it is irrelevant. *See* FRE 401-402 analysis above, § II(B), *supra*. Irrelevant evidence is inadmissible. *See id.* Further, Plaintiff acknowledges that Mr. Hill was intoxicated at the time of the incident. *See* Comp., ECF No. 1, p. 3 ¶ 15. This situation is analogous to the prior conviction at issue in *Old Chief*. Any conceivable purpose for which the defense may wish to introduce this evidence may be accomplished through other evidence less likely to precipitate jury decisions from an improper basis, such as emotion. Thus, this evidence should be ruled inadmissible.

### VIII.    MOTION IN LIMINE TO EXCLUDE EVIDENCE/ARGUMENTS CONCERNING STATE LAW COMPARATIVE FAULT

Plaintiff anticipates that Defendant will attempt to argue that Plaintiff was comparatively at fault for his injuries, improperly using state law comparative negligence analysis. In fact, Defendant has made his intent to introduce such evidence/arguments known. *See* Def's. Aff. Defenses, PageID.50, ¶¶ 7-8 (citing M.C.L. §§ 600.2959 & 600.6303-600.6306). Such arguments and the introduction of evidence concerning same is improper. Specifically, such evidence is not relevant to any issues to be proven at trial. Therefore, it is inadmissible.

Comparative negligence is not applicable to damages for federal constitutional violations. *Quezada v. County of Bernalillo*, 944 F.2d 710, 721 (10th Cir. 1991); *Clappier v. Flynn*, 605 F.2d 519, 530 (10th Cir. 1979); *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. Appx. 730, 736-737 (6th Cir. 2002). Moreover, this analysis applies even when § 1983 cases have been tried contemporaneously with state law assault claims under federal courts' supplemental jurisdiction. *See e.g.*, *McHugh*, *supra*. This makes because the protection afforded by 42 U.S.C. § 1983 is not to differ from state to state[5] and state statutes should be disregarded if it is inconsistent with the deterrence and compensation principles of § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478, 489; 100 S.Ct. 1790; 64 L.Ed.2d 440 (1980). Further, 42 U.S.C. § 1988(a) permits state statues and common law to be "exercised and enforced" to protect and vindicate the civil rights of people in the United States, but does not permit the application of state laws to the extent that they are "inconsistent with the Constitution and the laws of the United States." In other words, under § 1988 "a federal court is required to use common law powers to facilitate, and not to hinder, proceedings in vindication of civil rights." *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d

---

[5]    *Busche v. Burkee*, 649 F.2d 509, 518 (7th Cir. 1981)

280, 284 (5th Cir. 1964) (cited with approval by *McHugh*, *supra*, at 736, n. 4). Thus, the Michigan comparative negligence statutes identified by Defendant in his Affirmative Defenses should not be applied to this case.

Because M.C.L. §§ 600.2959 & 600.6303-600.6306 are inapplicable to this civil rights case, arguments and evidence concerning such topics is irrelevant. *See* FRE 401-402 analysis above, § II(B), *supra*. Irrelevant evidence is inadmissible. *Id*. Moreover, because arguments arising out of M.C.L. §§ 600.2959 & 600.6303-600.6306 are inapplicable to this civil rights case, the probative value of introduction of arguments/evidence re: same is substantially outweighed by the danger of confusing the issues and/or misleading the jury. *See* FRE 403 analysis above, § II(B), *supra*. Consequently, arguments and evidence concerning the state law comparative fault principles identified by Defendant should be ruled inadmissible.

### IX.  MOTION IN LIMINE TO EXCLUDE EVIDENCE/ARGUMENTS CONCERNING COUNTS IN PLAINTIFF'S COMPLAINT THAT HAVE BEEN DISMISSED BY THE COURT.

The defense should be precluded from introducing evidence/arguments concerning counts of Plaintiff's Complaint that were dismissed by summary judgment. Counts that have been dismissed, or the fact of the dismissals, are not relevant to the issues for trial. Therefore, per FRE 402, evidence/arguments concerning counts in Plaintiff's Complaint that have been dismissed by the Court are inadmissible. *See* FRE 401-402 analysis above, § II(B), *supra*.

Evidence/arguments concerning counts of Plaintiff's Complaint that have been dismissed also fail the balancing test under FRE 403. The potential probative value (none) is far outweighed by the risk of confusion of issues and unfair prejudice to Plaintiff. Thus, the defense should be

barred from introducing evidence/arguments concerning counts of Plaintiff's Complaint that were dismissed by the Court.

      X.     **MOTION IN LIMINE TO BAR EVIDENCE/ARGUMENTS THAT OFFICER WONCH PROPERLY ADMINISTERED KNEE STRIKES.**

It is anticipated that Defendant will attempt to claim that he properly administered knee strikes on Mr. Hill. Knee strikes are to be applied in the peroneal area. See **Figure 1—appropriate area for delivery of knee strikes.**[6] Officer Wonch testified that he applied knee strikes to Mr. Hill's hip area. Pl's. Resp. to Defs' *Monell* Mot. for Summ. J., Exhibit 2 (Wonch Deposition), p. 87. However, this claim is contradicted by the video evidence. In the arrest video, knee strikes are applied from 15:00-15:40. While the knee strikes are being delivered, the video makes a few things clear: (1) Officer Wonch's body camera is placed in the middle of his uniform;[7] and (2), while the knee strikes are being delivered, Officer Wonch's left knee can be seen planted on the ground, behind Mr. Hill's buttocks.[8] With



Fig. 1—appropriate area for delivery of knee strikes.

---

[6] This diagram is from the Pressure Point Control Tactics (PPCT) training Officer Wonch's MCOLES records reflect him having received. It was appended as an exhibit to the deposition of Ken Katsaris. As mentioned previously, this transcript is yet to be received but counsel exchanged copies of the exhibits after the depo.

[7] Arrest video, 00:00-00:05 (pointing at the steering wheel in his police vehicle). This camera orientation is again confirmed at points during the cuffing of Mr. Hill. *E.g.*, Arrest Video, 15:31 (showing the camera positioned between Officer Wonch's hands). *I.e.*, it did not move during the takedown and knee strikes.

[8] This is most noticeable in the Arrest Video at 15:10-15:30. While knee strikes are delivered, the body camera tilts down while Officer Wonch is winding up knee strikes. The planted left knee is seen on the ground,

his left knee planted and the body camera in the center of his body, it is clear that the knee strikes are being delivered by his right knee, and that they are being delivered to Mr. Hill's torso based on the positions of the two men. Arrest Video, 15:10-15:25. Simply put, the video evidence here shows that Officer Wonch is delivering knee strikes to Mr. Hill's torso/back. Delivery of knee strikes in this area of the body is improper and strong evidence of Officer Wonch's objectively unreasonable conduct in arresting Mr. Hill. Plaintiff's injuries are also consistent with numerous blows to the trunk (fractured thoracic vertebrae, fractured ribs, *see* Pl's. Comp., ECF No. 1, PageID.7-PageID.8, ¶ 56. The defense should be barred from offering lay or expert testimony that Officer Wonch was applying knee strikes to the hip or waist. The arrest video makes plain that it simply did not occur. Because Officer Wonch did not apply knee strikes to Mr. Hill's hip/waist area, such claims are not relevant. *See* FRE 401-402 analysis above, § II(B), *supra*. Irrelevant evidence is inadmissible. *Id.* Therefore, claims that Officer Wonch was applying knee strikes to the thigh/hip area should be excluded from evidence.

      Evidence/arguments that knee strikes were applied to the thigh/hip area also fail the balancing test under FRE 403. The potential probative value is minimum, since it is blatantly contradicted by the video evidence. However, any probative value there may be is far outweighed by the risk of confusion of issues and unfair prejudice to Plaintiff. Accordingly, Defendant should not be permitted to claim that the knee strikes he applied were delivered to Mr. Hill's thigh or hip should not be allowed into evidence.

      Finally, evidence/arguments that Officer Wonch delivered knee strikes to the thigh/hip should be excluded as a matter of public policy. In ruling on qualified immunity summary

---

fixed. Then as the blow is delivered, there is a rapid jerk of the camera, followed by a groan from Mr. Hill as the blow lands.

judgment motions, the usual non-movant favorable standard is eschewed in the case of police body camera footage. *Rudlaff v. Gillespie*, 791 F.3d 638, 639 (6th Cir. 2015). Under such circumstances, facts are viewed "in the light depicted by the videotape." *Id.* (internal quotation marks omitted). In vetting summary relief under Fed. R. Civ. P. 56, video evidence upends the customary burden allocation. It should follow that the trier of fact should not be presented with arguments/evidence contrary to what is depicted in video evidence.

                                                                s/ Phillip B. Toutant

                                        PHILLIP B. TOUTANT (P72992)
Attorney for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

## CERTIFICATE OF COMPLIANCE RE: WORD COUNT

Pursuant to WDMI LCivR 7.3(b)(ii), this filing complies with WDMI LCivR 7.3(b)(i) insofar as it contains 3,865 words as defined by said rule. This word count was performed using Microsoft Word for Microsoft 365.

/s Phillip B. Toutant
_____
Phillip B. Toutant
Attorney for Plaintiff