IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-HYJ-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Hala Y. Jarbou |
| | ) | |
| JUSTIN WONCH, | ) | U.S. Magistrate Judge: |
| | ) | Hon. Maarten Vermaat |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S BRIEF ON PUNITIVE DAMAGES**

Based on the timing of Defendant's filing of its Brief on Punitive Damages (ECF No. 85, PageID.707-PageID.713), Plaintiff presumes that Defendant files his Brief as a motion in limine to preclude the introduction of evidence relevant to punitive damages as well as his stated request that the jury not be instructed re: same. Though the parties have yet to file their proposed jury instructions, Plaintiff does anticipate introducing evidence that will support an award of punitive damages and requesting that the Court instruct the jury accordingly.

Defendant claims that punitive damages in federal court § 1983 claims are normally allowed in states where state law permits punitive damages. *See* Def's. Br., PageID.707-PageID.708. Defendant further argues that punitive damages should not be allowed here because they are not allowed under Michigan law. *See id*. This argument is plainly contradicted by both controlling and persuasive caselaw from the Supreme Court, the Sixth Circuit and Michigan's Federal District Courts.

**A.**      ***42 U.S.C. § 1988(a) Prohibits the Application of Michigan's Bar on Punitive Damages to Plaintiff's § 1983 Excessive Force Claim.***

§ 1988(a) prohibits the application of Michigan's bar on punitive damages for state law claims on Plaintiff's § 1983 claims. The statute states:

> [t]he jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, ***so far as the same is not inconsistent with the Constitution and laws of the United States***, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

(Emphasis added). Courts have construed § 1988(a) to mean that "a federal court is required to use common law powers to facilitate, and not to hinder, proceedings in vindication of civil rights." *Lefton v. City of Hattiesburg, Miss.*, 333 F.2d 280, 284 (5th Cir. 1964) (cited with approval by *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. Appx. 730, 736 n. 4 (6th Cir. 2002)). The protections afforded by 42 U.S.C. § 1983 are not to differ from state to state[1] and a state statute should be disregarded if it is inconsistent with the deterrence and compensation principles of § 1983. *Board of Regents v. Tomanio*, 446 U.S. 478, 489; 100 S.Ct. 1790; 64 L.Ed.2d 440 (1980); *Robertson v. Wegmann*, 436 U.S. 584, 590-591; 98 S.Ct. 1991; 56 L.3d.2d 554 (1978) (state law governs the availability of damages unless it is inconsistent with the policy goals of § 1983:

---

[1]      *Busche v. Burkee*, 649 F.2d 509, 518 (7th Cir. 1981)

deterrence and compensation). Thus, state damages law inconsistent with federal law should not be applied.

Defendant's argument against the application of punitive damages is contrary to controlling case law. In *Gordon v. Norman*, 788 F.2d 1194, 1199 (6th Cir. 1986), the Sixth Circuit held that Tennessee law on punitive damages should not limit the punitive damages awarded to the § 1983 excessive force plaintiff. Tennessee law requires that a Plaintiff introduce evidence of the financial condition of defendants to be awarded punitive damages. *See id.* (citing *Breault v. Friedli*, 610 S.W.2d 134 (Tenn. 1980)). In *Gordon*, at trial, the plaintiff did not introduce testimony on defendants' financial condition and the court issued no instruction re: same. *Id.* After the jury awarded plaintiff punitive damages, the defendants appealed, claiming Tennessee law's requirement of financial condition testimony required reversal of the punitive damages award. In rejecting the defendant's argument, the *Gordon* court held that:

> [f]ederal standards govern the determination of damages under the civil rights statutes. Thus, punitive damages may be awarded under § 1983 even when they would not normally be recoverable under the local law in the state where the violation occurred. Defendants' assertion that the award of punitive damages should be limited by application of Tennessee law is **without merit**.

*Id.* (emphasis added; internal citations omitted). Per *Gordon*, "[p]unitive damages for deprivation of civil rights may be awarded when the defendant willfully and intentionally violates another's civil rights or when the defendant acts with reckless or callous indifference to the federally protected rights of others." *Id.* (citing *Smith v. Wade*, 461 U.S. 30, 103 S.Ct. 1625; 75 L.Ed.2d 632 (1983)).

Moreover, Michigan law **allows** punitive damages in § 1983 claims. *Janda v. City of Detroit*, 175 Mich. App. 120, 129 (Mich. App. 1989) ("punitive damages may be awarded under

3

42 U.S.C. § 1983 even where they would not normally be recoverable under the local law in the state where the violation occurred." *Id.* (citing *Gordon*, *supra*)). Further still, the reasoning above was applied by Judge Tarnow in a § 1983 case in this district. *Murphy v. Gilman*, 551 F.Supp.2d 677, 684-685 (W.D. Mich. 2008) ("Punitive damages were correctly awarded pursuant to §§ 1983 and 1988 and *Gordon*. The absence of provision for them under the Michigan wrongful death statute is irrelevant." *Id.* at 685.).[2]

### B.    *Defendant's Argument to Preclude Jury Instructions (and Presumably Evidence) of Punitive Damages is Contrary to a Significant Amount of Controlling and Persuasive Case Law.*

There is a wealth of both controlling and persuasive case law supporting the proposition that punitive damages are permitted in 42 U.S.C. § 1983 claims. *E.g.*, *Smith v. Wade*, *supra*, 461 U.S. at 56 ("We hold that a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."); *e.g.*, *Kidis v. Reid*, 976 F.3d 708 (6th Cir. 2020) (appeal from the Eastern District of Michigan; reducing, ***but not reversing*** the amount of punitive damages awarded to Plaintiff at trial when jury awarded $200,000 in punitive damages and $1 in compensatory damages); *e.g.*, *Romanski v. Detroit Entertainment, L.L.C.*, 428 F.3d 629 (6th Cir. 2005) (upholding punitive damages award of $600,000 in case where numerous allegations were raised under Michigan law, along with a § 1983 claim; case was removed from Michigan's 3rd Judicial Circuit to the Eastern District); *e.g.*, *McHugh v. Olympia Entertainment*, 37 Fed. Appx. 730 (6th Cir. 2002) (upholding $1.2 million in

---

[2]    Though not raised by Defendant, *Murphy* also provides an analysis of why the Sixth Circuit's reasoning in *Frontier Ins. Co. v. Blaty*, 454 F.3d 590 (6th Cir. 2006), which could theoretically be construed an adverse authority, does not bar punitive damages in a § 1983 case. *Murphy* was an 8th Amendment deliberate indifference case but the analysis does not differ on this issue.

punitive damages in § 1983 excessive force claim where civil rights claim was alleged with state law claims of assault and battery and where there were nongovernmental co-defendants); *e.g.*, *Brooks v. Youngert*, 4:03-cv-00137-ESC; Opinion of the Court; ECF No. 175 (W.D. Mich. 2006) (denying Defendants' Motion for New Trial or Remittitur, upholding punitive damages award in § 1983 case where the court also exercised supplemental jurisdiction over state law assault and battery claims); *e.g.*, *Swans v. City of Lansing*, 65 F.Supp.2d 625 (W.D. Mich. 1998) (upholding $3.125 million in punitive damages in § 1983 case alleging excessive force and 8th Amendment issues). *Broadnax-Hill v. Hosington*, 625 Fed. Appx. 268 (6th Cir. 2015) (Punitive damages not allowed in case where jury found defendant deputy liable for assault and battery but not excessive force). Defendant's argument to preclude jury instructions, and presumably evidence, on punitive damages lacks meaningful support and is contrary to a wealth of case law.

## C.   *Conclusion.*

Defendant's Motion to preclude punitive damages should be denied. Any risk of juror confusion can be mitigated by a well-crafted verdict form.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**

s/ Phillip B. Toutant

_____

PHILLIP B. TOUTANT (P72992)
Attorney for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

## **CERTIFICATE OF COMPLIANCE RE: WORD COUNT**

Pursuant to WDMI LCivR 7.3(b)(ii), this filing complies with WDMI LCivR 7.3(b)(i) insofar as it contains 1,383 words as defined by said rule. This word count was performed using Microsoft Word for Microsoft 365.

/s Phillip B. Toutant

_____

Phillip B. Toutant
Attorney for Plaintiff