IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-HYJ-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Hala Y. Jarbou |
| | ) | |
| JUSTIN WONCH, | ) | U.S. Magistrate Judge: |
| | ) | Hon. Maarten Vermaat |
| Defendant. | ) | |
| | ) | |

## JOINT FINAL PRETRIAL CONFERENCE ORDER

A final pretrial conference was held on the 19th day of April, 2022.

Appearing for the parties as counsel were:

    Phillip B. Toutant for Plaintiff
    M. Sean Fosmire for Defendant

1)     Exhibits: The following exhibits will be offered by the plaintiff and the defendant:

    *Plaintiff:*

    1. UPHS-Marquette medical records
    2. Lighthouse at Ishpeming medical records
    3. Upper Great Lakes Family Health Center records
    4. Marquette County Central Dispatch Records
    5. Marquette County Sheriff's Office Records
    6. Medical billing records
    7. Recorded interview of Timothy Normand by Wally Helmila
    8. Recorded interview of Vickie Lara by Wally Helmila
    9. Guidelines from Forsyth Township Police Department Operating Guideline Manual:
        a. Domestic Violence
        b. Use of Force/Lethal Force
        c. Arrest Management
        d. Use of Restraining Devices
        e. Other guidelines to be identified following a forthcoming inspection/copying of Forsyth Township's Operating Guideline Manual pursuant to Defendant's Responses to Discovery requests, served on Plaintiff on April 8, 2022. The inspection is to take place on April 18.

10. Defendant's personnel file or excerpts thereof
11. Curriculum Vitae, Ken Katsaris
12. Arrest bodycam video
13. Other bodycam videos
14. Imaging studies (x-rays, CT scans, etc.)
15. Responses to written discovery requests (identified below)
16. Noneconomic damages elements slide (demonstrative)
17. Summaries of Plaintiff's pain scale reporting (summary/demonstrative)

*Defendant:*

A – Training materials on Threat Pattern Recognition

B – Selections from training materials

C – FTPD policy on Use of Force

D – FTPD policy on domestic violence

E – Curriculum Vitae for Terry Nerbonne

F – Bodycam video for subject incident

G – Bodycam video – breathalyzer administration

H – Bodycam video – interview of Lara by Kjellin

I – Bodycam video – interview of Lara by Mills

J – Court records for the charges related to 3-22-19 encounter

K – Jail records – Marquette Sheriff's Department

L – Report of 12/27/2012 assault incident

M – Recording of call/complaint from Vickie Lara – early 2021

N – Audio recording of 911 call made by Vickie Lara – 3/22/2019

*Plaintiff's Objections:*

Def. Exh. A: Plaintiff objects, FRE 802

Def. Exh. B: Plaintiff objects, FRE 802

Def. Exh. G: Plaintiff objects, FRE 402 & 403

Def. Exh. H: Plaintiff objects, FRE 802

Def. Exh. I: Plaintiff objects, FRE 802

Def. Exh. J: Plaintiff objects, addressed in a motion in limine and FRE 802

Def. Exh. K: Plaintiff objects, FRE 802

Def. Exh. L: Plaintiff objects, addressed in a motion in limine and FRE 802

  Def. Exh. M: Plaintiff objects, FRE 402-403 & 802, not produced in discovery

  Def. Exh. N: Plaintiff objects, FRE 403 & 802

  *Defendant's Objections:*

1. Defendant will object to any effort to introduce hearsay documentation from Wally Helmila.

2. As to plaintiff's item 6, defendant will object to any items for which it has not been established that the charges were reasonable and necessary. See *Herter v Detroit*, 245 Mich 425; 222 NW 774 (1929).

3. Defendant reserves any objection to demonstrative items that have not been disclosed in advance.

2) Uncontroverted Facts: The parties have agreed that the following may be accepted as established facts:

 a. Defendant used knee strikes against Plaintiff
 b. There were no weapons on Mr. Hill or in his vicinity at the time of his arrest
 c. Defendant declined backup when offered by the dispatcher
 d. The incident was recorded on Defendant's bodycam
 e. Plaintiff did not strike Ms. Lara at any point during the arrest video.
 f. Justin Wonch was a patrolman employed by the Forsyth Township Police Department on March 22, 2019.
 g. Wonch had been employed by the FTPD since June 2018.
 h. He had previously been employed by the department from 2009-2015.
 i. He worked for the State of Michigan, Department of Health & Human Services, Child Protective Services in about 2015-2016. Plaintiff does not controvert this fact, but does object, FRE 402-403.
 j. He received training on Threat Pattern Recognition at Northern Michigan University in 2017.

3) Controverted Facts and Unresolved Issues: The factual issues remaining to be determined and issues of law for the Court's determination are:

 a. Whether Plaintiff's Fourth Amendment rights were violated
 b. Whether the amount of force used by Defendant was objectively reasonable
 c. The extent of Plaintiff's damages
 d. Whether Defendant committed an assault/battery
 e. Whether Defendant could have separated Hill and Lara during the encounter
 f. What parts of Hill's body were struck by the knee strikes that Officer Wonch used?
 g. Were any other elements of physical force other than knee strikes used?

4)    <u>Witnesses:</u>

*Plaintiff:*

1. Plaintiff     will call

   c/o Plaintiff's counsel
   105 Meeske Ave.
   Marquette, MI 49855
   (906) 226-2580

2. Defendant (via video deposition)     will call

   c/o Defendant's counsel
   1440 W. Ridge St., Ste. C
   Marquette, MI 49855
   (906) 228-0001

3. Defendant (adverse)     may call

   c/o Defendant's counsel
   1440 W. Ridge St., Ste. C
   Marquette, MI 49855
   (906) 228-0001

4. Chief Brian Kjellin (adverse)     may call

   99 N. Pine St.
   Gwinn, MI 49841
   (906) 346-9224

5. Vickie Lara (via deposition)     may call

   191 Warrior St.
   Gwinn, MI 49841
   (906) 346-2055

6. Vickie Lara     may call

   191 Warrior St.
   Gwinn, MI 49841
   (906) 346-2055

7. Timothy Normand, Dec'd. (via deposition)     may call

   n/a; Mr. Normand is deceased

8. Wally Helmila (via de bene esse deposition)     will call

   6 Grove Hill Ct.
   Marquette, MI 49855
   (906) 869-7661

9. Joseph Fitzgerald (via de bene esse deposition)     may call

    100 S. Marley St.
    St. Ignace, MI 49781
    (906) 643-1911

10. Craig Coccia, M.D.     may call

    850 W. Baraga Ave.
    Marquette, MI 49855
    (906) 449-3000

11. Sarah Herrera, M.D.     may call

    850 W. Baraga Ave.
    Marquette, MI 49855
    (906) 449-3000

12. David J. Bidle, M.D.     may call

    850 W. Baraga Ave.
    Marquette, MI 49855
    (906) 449-3000

13. Louis A. Ostola, M.D.     may call

    850 W. Baraga Ave.
    Marquette, MI 49855
    (906) 449-3000

14. Katherine Kroll, D.O.     may call

    301 Explorer St.
    Gwinn, MI 49841
    (906) 346-9275

15. Dean Rushford     may call

    236 W. Baraga Ave.
    Marquette, MI 49855
    (906) 225-8435

16. Kate Bonifas     may call

    236 W. Baraga Ave.
    Marquette, MI 49855
    (906) 225-8435

17. Marquette Co. Central Dispatch, Rehn     may call

    180 U.S. Hwy. 41
    Negaunee, MI 49866
    (906) 475-9912

18. Marquette Co. Central Dispatch, Coolidge     may call

      180 U.S. Hwy. 41
      Negaunee, MI 49866
      (906) 475-9912

19. Records Custodians:
    a. UPHS-Marquette     may call

        850 W. Baraga Ave.
        Marquette, MI 49855
        (906) 449-3000

    b. Lighthouse at Ishpeming     may call

        435 Rd. PI
        Ishpeming, MI 49849
        (906) 485-1073

    c. Township of Forsyth     may call

        186 W. Flint St.
        Gwinn, MI 49841
        (906) 346-9217

    d. Township of Forsyth Police Department     may call

        99 N. Pine St.
        Gwinn, MI 49841
        (906) 346-9224

    e. Upper Great Lakes Family Health Center     may call

        301 Explorer St.
        Gwinn, MI 49841
        (906) 346-9275

    f. Marquette County Central Dispatch     may call

        180 U.S. Hwy. 41
        Negaunee, MI 49866
        (906) 475-9912

    g. 96th District Court for the State of Mich.     may call

        234 W. Baraga Ave., Marquette, MI 49855
        (906) 225-8233

20. Any and all witnesses identified by Defendant     may call

    Contact information to be supplied by Defendant

21. Any and all witnesses necessary for rebuttal     may call

6

      Contact information unknown as need for/identities of rebuttal witnesses is presently unknown and unknowable

22. Any and all witnesses identified in yet uncompiled with discovery requests that are anticipated to be the subject of a motion to compel discovery (may call)

      Address and phone number unknown as discovery requests are yet to be complied with

Expert Witness

Ken Katsaris                                                        will call in person
400 Capital Cir. S.E., Ste. 18299
Tallahassee, FL 32301
(850) 224-2929

Mr. Katsaris will testify as to police practices, use of force, and his opinions with regard to the facts of this case. He has extensive experience both in law enforcement and training of law enforcement officers.

Plaintiff reserves the right to elicit testimony from medical providers and law enforcement officer lay witnesses within the scope of FRE 702


*Defendant:*

1. Brian Kjellin, Chief of Police – will call
2. Justin Wonch – will call
3. Steven Mills, Forsyth Township Police Department, Gwinn, Michigan – may call
4. Dean Rushford, Marquette Sheriff's Department, Marquette, Michigan – will call

    (telephone number for a law enforcement officer not included)

5. Gordon Warchock, former Chief of Police – may call

    (telephone number for a retired law enforcement officer not included)

6. Sgt. Kate Bonifas, Marquette Sheriff's Department, Marquette, Michigan – may call

7. (Kristine McCoy, hospital representative, has been listed but will not be called during proofs)

7

*EXPERT WITNESS*

Terry Nerbonne

19580 23 Mile Road

Hersey, MI 49639

231-832-4991

Police practices, use of force

Has been teaching in the criminal justice program at Ferris State University since 1973, full professor since 2009. Retired from full-time teaching in 2014, adjunct faculty since then.

Has been extensively involved in the training of police officers on use of force issues.

Defendant, like plaintiff, may elicit expert or opinion testimony from law enforcement officer lay witnesses within the scope of FRE 702

5) Depositions and Other Discovery Documents: All depositions, answers to written interrogatories, and requests for admissions, or portions thereof, that are expected to be offered in evidence by the plaintiff and the defendant are:

*Plaintiff*:

Depositions:

1. Deposition of Timothy Normand: p. 4 l. 10-16 & 22-23, p. 5 l. 3-4 & 10-12, p. 6 l. 14-18, p. 10 l. 10-12 & 24-25, p. 8 l. 1-2, 18-20 & 22-25, p. 9 l. 1-16 & l. 17-18, p. 10 l. 7-24, p. 11 l. 7-16, p. 12 l. 1-5 & 11-18, p. 13 l. 5-8 & 14-25, p. 14 l. 1-2, p. 23 l. 2-6, p. 24 l. 17-22, p. 26 l. 3-8 & 12-17, p. 28 l. 15-17, p. 35 l. 5-7, 9, 11-13, 15-16, 18-21 & 23-25, p. 36 l. 1.

2. Deposition of Vickie Lara: p. 3 l. 10-12 & 23-25, p. 23 l. 7-12, p. 24 l. 9-17, p. 38 l. 2-5, 19-23 & 25, p. 39 l. 1-11, p. 40 l. 4-15, p. 63, l. 13-20, p. 72 l. 5-18 & 20-25, p. 73 l. 1-4 & 25, p. 74 l. 1-20, p. 75 l. 5-8 & 18-25, p. 76 l. 1-6, p. 87 l. 10-11 & 13-25, p. 88 l. 1-6, p. 89 l. 24-25, p. 90 l. 1, 3 & 8-25, p. 91 l. 1-2.

3. Video Deposition of Justin Wonch: p. 3 l. 3-25, p. 4 l. 1-16, p. 5 l. 24-25, p. 6 l. 1-20, p. 13 l. 21-25, p. 14 l. 4-7, p. 16 l. 9-18, p. 24 l. 17-20, p. 26 l. 22-25, p. 27 l. 1-8, p. 29 l. 1-8, p. 32 l. 21-25, p. 33 l. 1-13, p. 43 l. 18-25, p. 44 l. 1-4, p. 46 l. 2-8, p. 47 l. 4-25, p. 48 l. 1-6, p. 49 l. 15-25, p. 50 l. 1-2 & 5-25, p. 51

l. 1-11 & 14-25, p. 52 l. 1-25, p. 53 l. 1-25, p. 54 l. 1-13, p. 55 l. 3-24, p. 56 l. 1-10 & 16-18, p. 57 l. 1-25, p. 58 l. 1-25, p. 59 l. 1-25, p. 60 l. 1-7, p. 61 l. 6-25, p. 62 l. 1-25, p. 63 l. 1-24, p. 64 l. 8-25, p. 65 l. 1-19, p. 70 l. 24-25, p. 71 l. 1-21, p. 83 l. 4-10 & 24-25, p. 84 l. 1-9, p. 86 l. 7-17.

*Defendant:*

Additional selections from listed depositions may be offered under FRCP 32(a)(6).

Written Discovery:

*Plaintiff*:

1. Defendant Wonch's Responses to Plaintiff's Interrogatories
2. Forsyth Township's Responses to Plaintiff's Interrogatories
3. Defendant Wonch's Responses to Plaintiff's Requests for Admissions
4. Defendant Wonch's Responses to Plaintiff's Requests for Production
5. Defendant Wonch's Fed. R. Civ. P. 26(a)(1) Disclosures

6) <u>Length of Trial</u>: Counsel estimate the trial will last approximately 4 days, total, allocated as follows: 2 days for plaintiff's case (excluding jury selection; time estimation is contingent upon evidentiary considerations relating to admission of exhibits); 1-2 days for defendant's case.

7) <u>Prospects of Settlement</u>: The status of settlement negotiations is: a settlement conference occurred on April 11, 2022 with Federal Magistrate Judge Maartin Vermaat presiding via Zoom. Present for the plaintiff was his counsel, Phillip Toutant and plaintiff himself. Present for the defense was counsel M. Sean Fosmire and Thomas Shimmel along with Mark Ott, claims representative for Defendant. The Settlement Conference did not precipitate a settlement. Obstacles to settlement are that the parties are far apart with their settlement demands and the resolution of Defendant's motions concerning damages.

Respectfully submitted,

| | |
|---|---|
| **Numinen, DeForge & Toutant, P.C.** | **Kitch Drutchas Wagner Valitutti & Sherbrook** |
| /s Phillip B. Toutant | /s M. Sean Fosmire |
| PHILLIP B. TOUTANT (P72992) | M. SEAN FOSMIRE (P31737) |
| Attorney for Plaintiff | Attorney for Defendant |
| 105 Meeske Ave. | 1440 W. Ridge St., Ste. C |
| Marquette, MI 49855 | Marquette, MI 49855 |
| (906) 226-2580 | (906) 228-0001 |
| phillip@numinenlaw.com | sean.fosmire@kitch.com |