UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL,<br><br>    Plaintiff,<br><br>v<br><br>JUSTIN WONCH,<br><br>    Defendant.<br>_____/ | U.S. District Judge:<br>   Hon. Hala Y. Jarbou<br><br>U.S. Magistrate Judge:<br>   Maarten Vermaat<br><br>Case No: 2:19-cv-159 |
| Phillip B. Toutant<br>Karl P. Numinen<br>NUMINEN DEFORGE & TOUTANT, P.C.<br>Attorneys for Plaintiff<br>105 Meeske Avenue<br>Marquette, MI  49855<br>(906) 226-2580 | M. Sean Fosmire<br>KITCH DRUTCHAS WAGNER<br>VALITUTTI & SHERBROOK<br>Attorneys for Defendant<br>1440 W. Ridge Street, Ste. C<br>Marquette, MI 49855-3199<br>(906) 228-0001 |

**DEFENDANT'S BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTIONS IN LIMINE**

Defendant Justin Wonch submits the following as his Brief in Opposition to the "Motions in Limine" that have been filed by the plaintiff.

As was noted by the defendant in his motion in limine, a motion of this nature is intended to narrow evidentiary issues, to obtain an early ruling from the court on anticipated issues that may present matters that could be prejudicial, and to avoid unnecessary delays and interruptions when the evidence is offered. The plaintiff's nine so called "motions in limine" do not adhere to that description at all. Only one of them is properly directed to factual points that would be prejudicial to the parties – the payment of medical bills by the Federal government under the Medicare program – and on that one, the defendant does not disagree with the plaintiff. The rest of the points that plaintiff attempts to raise are, for the most part, not proper

MAR01:84581.1

subjects for a motion in limine at all. They deal with matters of argument, the weight of the evidence that is to be presented to the jury, or how inferences should be drawn by the jury to the evidence that is presented.

**Point 2   Evidence of prior criminal investigations or convictions**

Plaintiff identifies two prior incidents, essentially two interactions between Hill/Lara and the Forsyth Township Police Department. He argues that this information regarding previous domestic violence issues is somehow not relevant to the issues in this case. The defendant disagrees. Information about Jack Hill and Vickie Lara was known to Officer Wonch at the time he responded to the call on March 22, 2019, based on several previous interactions with them, not just on the two raised by plaintiff. The fact that Officer Wonch was not the responding officer on the previous two episodes cited by plaintiff is not particularly significant. In this small rural police department, the officers are familiar with the activities of their fellow officers when they encounter "frequent flyers" in the course of daily police work.

It was known to all of the officers in the department that Hill and Lara had had previous domestic violence issues. The extent of Officer Wonch's knowledge of those two previous episodes, and other episodes that did not lead to an arrest or conviction, is important evidence for the jury to hear. That information goes to the level of threat that the officer might have anticipated, whether there was knowledge of history of firearms or other offensive weapons being used in the home, etc. All of this information is important to the responding officer, even if he is not the one who responded to the previous encounters, in determining how he will approach the encounter.

MAR01:84581.1

**Point 3    "Underlying" convictions**

The criminal conduct for which Richard Hill was arrested on March 22 led to a guilty plea on two offenses, including resisting arrest and a second domestic violence conviction, and this led to a sentence being imposed by the court – 90 days in jail, 18 months probation, and a fine of $1,795. (These records are found at pp. 2963-2966 of a collection of documents exchanged during discovery.)

The testimony will be that the Forsyth Township Police Department, on directive from the Marquette county prosecutor, had adopted a policy that requires that an arrest be made when there is a confirmed occurrence of domestic violence. This is not a situation in which the officer has the option or discretion to let one or both of them go with a warning and a promise to behave better in the future. This is important information for the jury to hear, and the jury also needs to hear that the arrest that was made led to a conviction under proper processes with the court. It is also important for the jury to hear that Mr. Hill made no comment to the judge at the time of arraignment or at the time of making his guilty plea that he had been the victim of police brutality as he is now claiming.

Mr. Hill was arrested by Officer Wonch for committing the crimes of resisting arrest and domestic violence.  It is hard to understand how the jury would be prejudiced by hearing that he pleaded guilty and was sentenced for those crimes.

Assuming that the court also imposed a probation condition that he avoid the use of alcohol, it is useful for the jury to be aware of that fact as well.

**Point 4    "Good intentions" of the defendant**

Plaintiff tries to make reference to the officer's "good intentions", which is confusing.

MAR01:84581.1

The defendant has never raised any point about "good intentions."

Plaintiff apparently wants to have the defendant prohibited from disclosing to the jury that the handcuffs that were applied to Mr. Hill, after both of his wrists were secured and all use of force had ended, were immediately double-locked in order to provide some relief or prevent discomfort or pain from the fact that the handcuffs would otherwise continue to cinch tightly around his wrists. Why plaintiff believes that information would be in any way prejudicial to the plaintiff is a mystery. It is direct evidence that is clearly consistent with the position that the officer used only the force that was intended and was not, as plaintiff is going to try to portray, willfully imposing inflicting pain on the subject because of a primal anger response or because he lost control of his actions.

Evidence that the arresting officer treated the subject with consideration for his well-being cannot in any way "inflame the passions of the jury". Plaintiff asserts that the officer's "reportedly benevolent conduct is blatantly contradicted by video evidence," but it is that very video evidence that shows that the handcuffs were double-locked.

**Point 5   Split-second decision-making**

On this issue as well, plaintiff offers a confusing and somewhat incoherent argument to the Court. He asserts that the takedown of Mr. Hill "was not the result of a split-second incident or decision." He then points out that the period of time where the officer and the subject were on the ground, with the officer using reasonable force in attempting to gain access to his right arm and hand, and administering knee strikes in order to gain that compliance, was a period of 40 seconds. All of this is perhaps a matter to be argued to the jury; it is not a proper subject for any evidentiary limitation that may be ordered by the Court.

MAR01:84581.1

The undisputed testimony is, and the video confirms, that Officer Wonch was in the process of attempting to make an arrest of this belligerent and uncooperative subject, and that the subject launched himself at Vickie Lara in his presence. Wonch then had to make a split-second decision to react. Deliberation was not an option.

The Court has already ruled that the "takedown" was a proper use of force and was not in any way excessive or in violation of constitutional limitations. The jury needs to be able to see the video and needs to have descriptions of what is shown in the video, from Officer Wonch and from others who have seen the video and who have commentary to offer, including the expert witnesses. The amount of time that it took to get access to the subject's arm and wrist and apply the handcuffs is directly attributable to his resistance to the officer and his failure to comply. The knee strikes that were applied constituted reasonable force. Plaintiff is free to try to argue otherwise, but there is nothing in the sequence of events that makes it unfair or prejudicial to the plaintiff to point out to the jury that the officer has to think quickly and act quickly and does not have time for consideration or deliberation as he seeks to gain the subject's compliance.

**Point 6   Collateral source payments**

The defendant has already submitted his brief to the court regarding the recoverability of the amounts paid by the federal government under the Medicare program, vs. the amount of the provider charges by doctors and hospitals. The Court and the attorneys are aware that the jury is given only the medical bills and, if the needed showings are made, the amount that has been charged. Defendant's attorney does not intend to argue to the jury that these billings were paid by Medicare. Most jurors, knowing that Hill was 68 years old, will probably figure

MAR01:84581.1

that out. It is not a proper subject for argument or for proof.

The issue of whether the plaintiff can recover the amounts or whether the "differential amounts" have to be reduced from the total award of damages (if any are awarded) as collateral source benefits is provided under Michigan law as a matter for post-verdict and pre-judgment adjustment by the court, and that is how the defendant plans to handle it.

**Point 7 - Plaintiff's history of substance abuse**

The plaintiff's history of drug and alcohol abuse is very pertinent to the several encounters between Hill and the officers of the Forsyth Township Police Department, his demands on the evening in question that Vickie Lara go to the store to buy him more vodka, and the fact that the episode of domestic violence by Hill that brought Officer Wonch to the Hill/Lara home was his response to her refusal to do so.

The evidence will also be clear that Hill was extremely intoxicated at the time of this encounter, and that the preliminary blood test that was done by Office Wonch showed a blood alcohol level of well over 0.2%. The deposition testimony of Vickie Lara that the plaintiff apparently will intend to rely upon includes information about the fact that Hill had been involved in a very lengthy period of drinking heavily for many days before his encounter with Officer Wonch. This is all relevant to the scenario that was presented to Officer Wonch when he responded to the call on the evening of March 22.

The jury needs to hear the context of this encounter. The court should not be taking that context away from them artificially, as the plaintiff argues should be done.

**Point 8 - Comparative negligence**

Plaintiff makes a confusing and incoherent argument that comparative negligence, which does not apply to claims for federal constitutional violations, should be taken away from the defendant as an affirmative defense to the claims for assault and battery which are asserted under state law.

It is difficult for the defendant's attorney to follow the logic of plaintiff's argument. Comparative negligence, which is essentially the comparison of the wrongful conduct of the defendant and of the plaintiff, both of which combined to cause injuries to the plaintiff, is always available as an affirmative defense to a claim of assault and battery brought under state law. The fact that it would not be a proper defense to a federal constitutional claim does not take away from the fact in any way.

Plaintiff argues that "arguments and evidence" about state law comparative fault principles should be "ruled inadmissible." As the Court knows, arguments by counsel are not evidence. Evidence is not offered to the jury regarding state law comparative fault principles. The court instructs the jury as to what the law is. This is not a proper subject of a motion in limine.

**Point 9 - Claims made in dismissed counts**

The Court is aware that several of the claims that were made by the plaintiff have been dismissed by the entry of an order of summary judgment under Rule 56 and are no longer presented. The attorneys would not be expected to try to offer or introduce evidence about counts of the complaint that are no longer included in the claim. But the facts of what occurred before the period of time that the jury will be focused on, the facts that led to the need to use

MAR01:84581.1

reasonable force to effectuate the arrest, are proper subjects for the consideration of the jury.

Defendant agrees that the jury should not be told that the original complaint made a wider-ranging claim of excessive force than is now presented for decision by the jury.

The Court, in its opinion partially granting defendant's Motion for Summary Disposition, ECF 47, PageID.230, dealt with three events in sequence:

1. The takedown, using plaintiff's pejorative phrase "body slam," which was the commencement of the use of force
2. The use of knee strikes from the time the officer and the subject were on the ground until the use of the knee strikes ended
3. "Dragging" the subject outside the apartment

The Court has made its ruling granting summary judgment on points 1 and 3. Defendant agrees that the jury should not be told that that motion was made, what the arguments were for and against, or the fact that the court made its ruling. But it may become necessary at various points that the Court give the jury cautionary instructions on factual points, to ensure that its attention remains where it belongs – on point 2.

In the context of this case, the period of time after the proper takedown occurred and before the second handcuff was applied, which is the very period of time for which the Court has determined there are issues a fact that need to be resolved by the jury, needs to be presented in its proper context and with the proper admonitions so that the jury understands that neither the force that was used in the takedown itself nor the force that was used in removing Hill from the scene are part of the claim, and that those issues are not presented for their consideration.

This may be a matter of instruction by the court or it may be a matter of information conveyed by counsel to the jury. In some fashion, the jury needs to be that that period of time

MAR01:84581.1

and only that period of time is an issue and is presented to them for resolution of the factual dispute.

**Point 10 - Knee strikes**

Once again, the plaintiff's logic is hard to follow, and his arguments are incoherent. Plaintiff appears to be asking the court to bar the defendant from arguing that his use of force was proper. Physical force was used by Officer Wonch in the form of "knee strikes." Knee strikes are known, accepted, and taught as a means of inflicting pain on a subject who is resisting arrest in order to gain compliance when that force is needed. Plaintiff makes a number of statements that appear to be arguments but they do not in any way legally support a request that the court should bar the defendant from arguing to the jury that his conduct was proper. This Court should not accept such a request from the plaintiff.

                                                      **KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK**

Date: April 15, 2022              By:   */s/ M. Sean Fosmire*
                                                      Attorney for Defendant

MAR01:84581.1