UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL,<br><br>　　Plaintiff,<br><br>v<br><br>JUSTIN WONCH,<br><br>　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | U.S. District Judge:<br>　Hon. Hala Y. Jarbou<br><br>U.S. Magistrate Judge:<br>　Maarten Vermaat<br><br>Case No: 2:19-cv-159 |
| Phillip B. Toutant<br>Karl P. Numinen<br>NUMINEN DEFORGE & TOUTANT, P.C.<br>Attorneys for Plaintiff<br>105 Meeske Avenue<br>Marquette, MI  49855<br>(906) 226-2580 | M. Sean Fosmire<br>KITCH DRUTCHAS WAGNER<br>VALITUTTI & SHERBROOK<br>Attorneys for Defendant<br>1440 W. Ridge Street, Ste. C<br>Marquette, MI 49855-3199<br>(906) 228-0001 |

**DEFENDANT'S FOURTH MOTION IN LIMINE**

A preliminary note: On April 12, 2022, the day after motions in limine were filed by the parties, undersigned counsel was notified by the attorney for plaintiff that he planned to take the trial deposition of Wally Helmila. Thus, the original motions in limine did not include this issue, since we had no notice that it would arise.

Since that time, the court has moved the trial date from April 25 to May 31, and it will not be necessary for the plaintiff to take Helmila's testimony by deposition. He will be called as a live witness, we are told.

Helmila worked as a contract investigator for plaintiff's attorney, and in that capacity he conducted the two interviews in question. This additional motion in limine asks that the court bar Helmila from offering hearsay testimony about statements made by Vickie Lara and Tim Normand when they were interviewed by Helmila some time in July 2019.

MAR01:84697.1

Hearsay testimony is, of course, inadmissible unless one of the exceptions provided in the Federal Rules of Evidence applies. FRE 802; *Baker v. Elcona Homes Corporation*, 588 F. 2d 551 (6th Cir. 1978). No exception would apply here.

Both of these witnesses will be unavailable. Normand is reported to be deceased. Vickie Lara has reportedly left Michigan and is residing in another state, with an unknown address.

Both witnesses, however, gave deposition testimony in February 2020. Their unavailability will mean that those depositions can be used in lieu of live testimony. It would be clear error for the court to allow Helmila to relate to the jury out-of-court statements that were made by either Lara or by Normand. These statements were not given under oath, they were not made in the course of a deposition, there was no notice given to an opposing attorney, and no opportunity to attend and cross examine. These are "pure hearsay" statements, and no exception applies to permit them to be provided.

Undersigned counsel has been practicing for nearly 42 years, and in that time has never seen an attorney attempt to introduce a hearsay statement given to an investigator when that witness was later deposed, under oath, with notice to the attorneys, and an opportunity to cross-examine.

The depositions of both of these witnesses are admissible in lieu of their live testimony. The hearsay statements are not. The court should bar the hearsay statements.

**KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK**

Date: April 28, 2022

By: /s/ M. Sean Fosmire
Attorney for Defendant

MAR01:84697.1