UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,

    Plaintiff,

v

JUSTIN WONCH,

    Defendant.

_____/

U.S. District Judge:
  Hon. Hala Y. Jarbou

U.S. Magistrate Judge:
  Maarten Vermaat

Case No: 2:19-cv-159

Phillip B. Toutant
Karl P. Numinen
NUMINEN DEFORGE & TOUTANT, P.C.
Attorneys for Plaintiff
105 Meeske Avenue
Marquette, MI  49855
(906) 226-2580

M. Sean Fosmire
KITCH DRUTCHAS WAGNER
VALITUTTI & SHERBROOK
Attorneys for Defendant
1440 W. Ridge Street, Ste. C
Marquette, MI 49855-3199
(906) 228-0001

_____/

**DEFENDANT'S FIFTH MOTION IN LIMINE**

On Wednesday, April 20, 2022, plaintiff took the trial deposition of Joseph Fitzgerald. Fitzgerald was the Chief of Police for Forsyth Township from January through April 2019, and was in that position at the time of the arrest of Richard J. Hill by Officer Justin Wonch on March 22. In early April, about two weeks after the Hill arrest, Fitzgerald resigned in lieu of an imminent termination by the Township for several acts of wrongdoing.

Plaintiff's relatively short direct examination of Fitzgerald elicited testimony about his review of the Wonch bodycam video with which the court is already familiar. This current motion tracks defendant's first motion in limine, in requesting that the Court bar the testimony of Fitzgerald as it relates to the "fourth segment" of the encounter, occurring after 17 minutes and 15 seconds (17:15) into the bodycam video. This covers the period of time after the arrest had been made and efforts had been made to get Hill up and out of the apartment. Fitzgerald

MAR01:84700.1

offered testimony critical of Wonch's actions in dragging Mr. Hill out of the unit and onto the front lawn, where he was left for a brief period of time while Officer Wonch caught his breath.

The Court has already ruled as a matter of law that there was no excessive force used during this fourth segment. ECF 47, PageID.232. The testimony of Fitzgerald that reflects criticism of Wonch for his handling of the subject during this fourth segment would be irrelevant and have no probative value, in light of the Court's ruling, and further would be unduly prejudicial. It is thus subject to exclusion under both FRE 402 and FRE 403.

Rule 401, in its entirety, reads:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

This Court has already determined that the only issue for the jury's consideration is based on the legal conclusion that "Officer Wonch may be liable if he used knee strikes at any point after Hill stopped actively resisting arrest." The footage after the 17:15 point is not of consequence on that issue.

Rule 402, in pertinent part, says that "Irrelevant evidence is not admissible."

Rule 403, also in its entirety, provides:

The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

This testimony fits squarely within that provision. Allowing the jury to hear this testimony would result in unfair prejudice, confusing the issues, and misleading the jury.

The testimony in question should be barred.

MAR01:84700.1

                                              **KITCH DRUTCHAS WAGNER VALITUTTI & SHERBROOK**

Date: April 28, 2022                By:  */s/ M. Sean Fosmire*
                                                     Attorney for Defendant