UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,

    Plaintiff,

v

JUSTIN WONCH,

    Defendant.

U.S. District Judge:
  Hon. Hala Y. Jarbou

U.S. Magistrate Judge:
  Maarten Vermaat

Case No: 2:19-cv-159

_____/

Phillip B. Toutant (P72992)
Karl P. Numinen (P46074)
NUMINEN DEFORGE & TOUTANT, P.C.
Attorneys for Plaintiff
105 Meeske Avenue
Marquette, MI 49855
(906) 226-2580

M. Sean Fosmire (P31737)
Thomas R. Shimmel (P41280)
KITCH DRUTCHAS WAGNER
 VALITUTTI & SHERBROOK
Attorneys for Defendants
1440 W. Ridge Street, Ste. C
Marquette, MI 49855-3199
(906) 228-0001
_____/

**DEFENDANT'S TRIAL BRIEF**

    This is a Section 1983 claim in which Plaintiff Richard J. Hill alleges that Forsyth Township Police Officer Justin Wonch used excessive force on March 22, 2019 when the officer sought to arrest him for the crime of domestic violence and after he intervened to prevent plaintiff from attacking the DV victim, Vickie Lara, an assault that took place in the presence of Officer Wonch.

    The Court has had a number of recitations of the facts that gave rise to the incident in question and the claims that are being made. Defendants' Motion for Summary Judgment (ECF No. 33) and Brief in Support (ECF No. 34), introduced this court to the facts and the characters.

    Jack Hill at the time of these events was about 68 years old. He and Vickie Lara had been in a domestic relationship for approximately 15 years. Hill and Lara were known to the officers of the Forsyth Township Police Department, having had encounters with the officers on previous occasions. Mr. Hill was an alcoholic, and at the time of the events in question has been "binge

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001

MAR01:85190.1

drinking" for about a week, based on testimony given by Ms. Lara. Officer Justin Wonch, who had been a member of the Township police Department, off and on, for about 10 years, was dispatched at 9:36 PM for a report of a domestic violence incident. He recognized the names of the persons involved. He traveled to the apartment shared by Hill and Lara, and after being invited into the home he encountered both of them there. Also present was Tim Normand, a friend of Vickie Lara. Both Lara and Normand confirmed that Jack Hill had assaulted Vickie, striking her in the face, apparently as a result of her refusal to go out and buy Jack more liquor. There was information to the effect that Mr. Norman had intervened with one of the assaults, leading to a fight between Hill and Normand before Officer Wonch arrived.

When Officer Wonch entered the apartment, Hill was extremely drunk, belligerent, and uncooperative.

As was noted in the Defendant's Motion in Limine (ECF 84, PageID.696), the interaction between Hill and Lara can fairly be described in four segments.

Segment 1 – Wonch's interview of both Lara and Hill, including inspection of Lara's injuries from about 12:00 to 12:45[1], leading up to the instruction to Hill to stand to be handcuffed in the course of arrest (at 13:10). This segment includes at least 90 seconds of adamant bellicose refusal by Hill to cooperate while still seated, from 13:10 to 14:40. He then stands and faces Wonch, but refuses to turn around to be cuffed. This segment ends at about 14:55, with Hill still refusing to comply.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

---

[1] All times recited here are min:sec, with the bodycam video starting at 00:00.

2

Segment 2 – Hill launches himself at Vickie Lara (at 14:56), an attempted assault on her in Wonch's presence. Wonch, making a split-second decision, jumps against Hill to deflect him away from Lara, pinning Hill between his body and the couch before they fall to the floor, and they then end up on the floor next to the far wall. This is a short segment, from about 14:56 to 15:10 or so.

The bodycam is being worn by Wonch as the physical interaction begins, and thus the video does not show much about what happened during this segment or the next.

Segment 3 (from 15:10 to 17:15) – Wonch and Hill are on the floor, with Wonch applying knee strikes to gain compliance.

Segment 3 (from 15:10 to 17:15) – Wonch and Hill are on the floor, with Wonch applying knee strikes to gain compliance.

Segment 4 (from 17:15) – Hill is dragged out of the apartment by Wonch and Normand, taken out the door (about 17:35), and placed on the ground outside the apartment, where Wonch stops to catch his breath.

And as the court will recall, it has already ruled in favor of the defendant, granting him summary judgment, as to any claims arising from segments 1, 2, and 4. It is only the events that occurred in segment 3, while Hill and Wonch were on the floor, for a period of two minutes and five seconds, that are at issue here.

The evidentiary issues that we expect to arise during the course of the trial were anticipated by the fourth and fifth motion in limine which we filed on behalf of the defendant. ECF 101 and 102. The court denied these motions solely for the reason that they were filed after the April 11 deadline, and the court has expressly noted that these evidentiary issues will be

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

handled as they arise at the time of trial. The defendant will rely on the arguments and authorities that were raised in those late motions, and will not try to repeat the points here.

We expect that there will be extensive argument during the course of the testimony of plaintiff's expert, Ken Katsaris, because he has a pronounced tendency to try to bring in negative points about the defendant police officer that are based on claims of ordinary negligence rather than constitutional violations. He asserted that Officer Wonch acted improperly in declining an offer from Central Dispatch to send another officer to assist him with the response. As we have argued and strongly supported by reference to the case law, however, an act of ordinary negligence cannot form the basis of a claimed constitutional violation. While the courts have not accepted the occasional argument by defendants that intentional misconduct is required, in truth a constitutional violation can only be found when there is a strong showing of misconduct on the part of the officer. The familiar §1983 jurisprudence that requires that the principles that the officer violates have to be strongly established, well known, and well familiar to reasonably trained officers in any law enforcement agency, underscores the necessity of that level of showing. Because the court has denied our motion on this point, and has expressed its confidence that the issue can be handled with a cautionary instruction, it may be necessary for us ask for that cautionary instruction several times during the course of this case.

**State law claim**

The plaintiff's state law claims against the defendant are subject to the provisions of Michigan's governmental immunity act, MCL 691.1407. The language of subsection (2) of 1407 applies here.

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

4

> question, each officer and employee of a governmental agency, each volunteer acting on behalf of a governmental agency, and each member of a board, council, commission, or statutorily created task force of a governmental agency is immune from tort liability for an injury to a person or damage to property caused by the officer, employee, or member while in the course of employment or service or caused by the volunteer while acting on behalf of a governmental agency if all of the following are met:
>
> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>
> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>
> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage

As paraphrased, and as requested as an instruction to be given to the jury, that provision is:

> An employee of a government agency is immune from tort liability for an injury caused by him while in the course of employment if all of the following are met:
>
> a - he was acting within the scope of his employment
>
> b - he was carrying out a government function
>
> c - his conduct does not amount to gross negligence that is the proximate cause of the injury

This language is a significant departure from the common law in two very important respects. One is that there is a requirement that the conduct of the defendant "amount to gross negligence." The second is that the gross negligence of the defendant must be "the proximate cause" of the injury that is claimed.

This provision is, to our knowledge, the only statutory language that requires that the plaintiff prove that the conduct of the governmental actor be "the proximate cause" of the injury. This requirement was examined carefully in *Robinson v. City of Detroit*, 462 Mich. 439, 613

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. RIDGE STREET
SUITE C
MARQUETTE, MICHIGAN
49855-3199

(906) 228-0001

5

N.W.2d 307 (2000). In that case, the Michigan Supreme Court declared, speaking through Justice Taylor:

> We conclude the individual police officers are immune from liability because their actions were not "the proximate cause" of the plaintiffs' injuries. Thus, we overrule *Dedes v. Asch*, 446 Mich. 99, 521 N.W.2d 488 (1994), and hold that the phrase "the proximate cause" as used in the employee provision of the governmental immunity act, M.C.L. § 691.1407(2); MSA 3.996(107)(2), means the one most immediate, efficient, and direct cause preceding an injury, not "a proximate cause." Because the conduct of the individual police officers in these cases were not "the proximate cause," i.e., the one most immediate, efficient, and direct cause, of the passengers' injuries, the officers are entitled to governmental immunity…
>
> Further, recognizing that "the" is a definite article, and "cause" is a singular noun, it is clear that **the phrase "the proximate cause" contemplates one cause**. Yet, meaning must also be given to the adjective "proximate" when juxtaposed between "the" and "cause" as it is here. We are helped by the fact that this Court long ago defined "the proximate cause" as "the immediate efficient, direct cause preceding the injury." *Stoll v. Laubengayer*, 174 Mich. 701, 706, 140 N.W. 532 (1913). The Legislature has nowhere abrogated this, and thus we conclude that in M.C.L. § 691.1407(2)(c); MSA 3.996(107)(2)(c) the Legislature provided tort immunity for employees of governmental agencies unless the employee's conduct amounts to gross negligence that is **the one most immediate, efficient, and direct cause of the injury** or damage, i.e., the proximate cause.
>
> Applying this construction to the present cases, we hold that the officers in question are immune from suit in tort because their pursuit of the fleeing vehicles was not, as a matter of law, "the proximate cause" of the injuries sustained by the plaintiffs. The one most immediate, efficient, and direct cause of the plaintiffs' injuries was the reckless conduct of the drivers of the fleeing vehicles. [emphasis added]

Under common law, a plaintiff may recover if the negligent act of the defendant was a proximate cause of the injury claimed. Even if other causes combined with it, the defendant's act can give rise to a recovery so long as the jury finds that it was a significant factor in bringing about the injury. Under section 1407(2), by sharp contrast, the act must be grossly negligent, and that act must be the most immediate, efficient, and direct cause of the injury that is claimed. The jury must be so instructed.

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

This is another reason that the acts of negligence claimed by Katsaris, plaintiff's expert witness, may not be used or argued as a basis for liability. The decision by Officer Wonch not to accept the offer by Central Dispatch to send another officer as backup cannot in any way be regarded as "the most immediate, efficient, and direct cause of the injury" that is claimed here.

        Respectfully submitted,

        KITCH DRUTCHAS WAGNER
        VALITUTTI & SHERBROOK

Dated:  July 6, 2022        By:_____/s/ *M. Sean Fosmire*_____
            M. Sean Fosmire

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

7