IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-HYJ-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Hala Y. Jarbou |
| | ) | |
| JUSTIN WONCH, | ) | U.S. Magistrate Judge: |
| | ) | Hon. Maarten Vermaat |
| Defendant. | ) | |

**JOINT PROPOSED JURY INSTRUCTIONS**

# INTRODUCTION

Members of the jury, I will now instruct you as to the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain the elements of the claim(s) made by the plaintiff.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

Then the lawyers for the parties will make their closing arguments.

After closing arguments, I will then explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

WDMI, CV 2.01

## <u>JURORS' DUTIES</u>

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you have seen and heard in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide what claims, if any, plaintiff has proved by a preponderance of the evidence.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers may talk about the law during their arguments.  But if what they say is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

WDMI, CV 2.02

## ALL PERSONS EQUAL BEFORE THE LAW

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life.

WDMI, CV 2.03 (sentence concerning corporations omitted as not applicable)

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the depositions which were read into evidence or which you watched on the video screen, the stipulations that the lawyers agreed to; and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record or I allowed some evidence to be considered by you for a limited purpose.  You must completely ignore all of the things which are not in evidence or which I struck from the record, and you can consider the evidence which was admitted for a limited purpose only in your consideration of the limited purpose for which the evidence was admitted.  Do not speculate about what a witness might have said or what an exhibit might have shown.  Things that are not evidence are not to influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

WDMI, CV 2.04

## <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

WDMI, CV 2.05

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that it is raining outside, and you believed the witness, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

WDMI, CV 2.06

## CREDIBILITY OF WITNESSES

Another part of your duties as jurors is to decide how credible or believable each witness was.  This is your duty, not mine.  It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves.  You are free to believe everything that a witness said, or only part of it, or none of it at all.  But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events.  Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be.  Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying.  Did the witness appear honest?  Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to any party in this case, or anything to gain or lose from the case, that might influence the witness's testimony.  Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask  yourself if the  witness  testified inconsistently while on the witness stand, or if the witness said or did something or failed to say or do something at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable.  Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

WDMI, CV 2.07

## **NUMBER OF WITNESSES AND EVIDENCE PRESENTED**

The number of witnesses who testified makes no difference.

Do not make any decision based only on the number of witnesses who testified or quantity of evidence presented.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves; and which evidence appeals to your minds as being most accurate and otherwise trustworthy.  Concentrate on that, not the numbers.

WDMI, CV 2.08

## **ALL AVAILABLE EVIDENCE NEED NOT BE PRODUCED**

No party must call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

WDMI, CV 2.08A

## **SINGLE WITNESS**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

WDMI, CV 2.08B

## **NOT REQUIRED TO ACCEPT UNCONTRADICTED TESTIMONY**

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.  You may decide, because of the witness's bearing and demeanor, or because of the inherent improbability of the witness's testimony, or for other reasons you find sufficient, that such testimony is not worthy of belief.

WDMI, CV 2.08C

## <u>LAWYERS' OBJECTIONS</u>

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on the lawyers' objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on any opinion I might have about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

WDMI, CV 2.14

## <u>INTRODUCTION (BURDEN AND ELEMENTS)</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  In a moment, I will explain the elements of the plaintiff's claim(s) against the defendant(s).

But before I do that, I want to emphasize that this trial is only on the particular claims alleged in plaintiff's complaint filed in this case.

Your job is limited to deciding whether the plaintiff has proved the claim(s) alleged in this case.

WDMI, CV 3.01

## PREPONDERANCE OF THE EVIDENCE

The burden is on each plaintiff to prove every essential element of a claim by a preponderance of the evidence.  If the proof should fail to establish any essential element of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved by a preponderance of the evidence.

This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.  Furthermore, this does not require proof beyond a reasonable doubt.  Proof beyond a reasonable doubt is a stricter standard that applies in criminal cases.  It does not apply in civil cases such as this.

WDMI, CV 3.02

# **BURDEN OF PROOF**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.  The burden of proving a fact is upon the party whose claim [or defense] depends upon that fact.  The party who has the burden of proving a fact must prove it by the preponderance of the evidence, which I have already defined for you.

If a preponderance of the evidence does not support each essential element of a claim, then the jury should find against the party having the burden of proof on that claim.

WDMI, CV 3.02A

## DEFENDANT'S "COMMENTS AND NOTES" TO § 1983 JURY INSTRUCTIONS AND PLAINTIFF'S RESPONSE

**Defendant:** "DEF comments and notes –

The plaintiff has included 11 pages of special jury instructions that are tailored to 1983 cases. Plaintiff has not clarified that these are special jury instructions.

The defendant agrees that there should be some instruction given to the jury by the court on the provisions of and the elements of claims under section 1983."

**Plaintiff's Response:** Plaintiff has not identified the proposed instructions as special jury instructions. This is because the Court, to this writer's knowledge, does not have standard jury instructions for § 1983 excessive force cases. Further, Plaintiff's counsel, possibly remiss, is unaware of any requirement to identify a particular instruction as being "special" if it is not one of the WDMI standard civil instructions.

Defendant agrees that "some instruction" should be given on § 1983 claims, without further clarification as to a specific objection to a specific instruction or group of instructions. That said, Plaintiff's proposed instructions on his § 1983 claims are largely taken from Avery's Police Misconduct and are by no stretch out of the ordinary, repetitive or unhelpful to the fact finder.

## ELEMENTS OF § 1983

The plaintiff has filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a police officer acting in an official capacity. In order to prevail on this claim, plaintiff must prove two things;

1. That the defendant acted under the color of law; and

2. That the defendant deprived the plaintiff of one or more constitutional rights.

42 U.S.C. § 1983; *Gonzalez v. Toledo*, 446 U.S. 635 (1980); Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.3

**Defendant:** "The jury is instructed on the elements in standard instruction 30.03. This is repetitive."

**Plaintiff's Response:** After a diligent search, Plaintiff's counsel could find no WDMI standard instruction 30.03. Michigan Standard Civil Jury Instruction 30.03 relates to medical malpractice actions, so that is not applicable either. The instruction is not repetitive. WDMI CV 3.03 provides no substance whatsoever for the elements of applicable claims, simply stating "[Insert here.]"

## DEFENDANT'S PROPOSAL FOR 3.03 THE ELEMENTS OF THE CLAIMS

The elements of a claim for damages under 42 USC 1983 are:

1 - Plaintiff is an American citizen.

2 - Defendant acted under color of state law.

Both of those are uncontested. You may accept them as true.

3 - The actions of the defendant at the time in question denied the plaintiff rights that are guaranteed under the U.S. Constitution, in this case the right to be free from an unreasonable search and seizure under the 4th Amendment.

4 - Plaintiff sustained damages as a proximate result of that denial of rights.

The elements of a claim for deprivation of civil rights arising from use of force by a police officer, brought under Federal law, in these circumstances, are:

• The officer was required to use force to effectuate an arrest in light of resistance or noncompliance by the subject

• The officer, in making an arrest, used excessive physical force in effectuating the arrest. The elements of a claim for "battery," brought under state law, are:

• The defendant struck or touched the plaintiff on any part of his body without his consent

When the striking arises from a proper arrest by a police offer of a person believed by the officer to have committed a crime, and when the subject is resisting or is noncompliant, the police officer is permitted by law to strike or touch the plaintiff without his consent, using physical force as necessary to accomplish the arrest.

• Only physical force that goes beyond the level of necessary force is a battery under Michigan law.

A defendant who is an employee of a governmental agency, however, is immune from any claim for damages arising from a negligent act on his part. Only grossly negligent misconduct which is the proximate cause of the plaintiff's injury can form the basis of a state claim for damages.

**Plaintiff's Objections:** first and foremost, this requested instruction is objectionable because it is plainly suggestive and biased in favor of Defendant. The proposed instruction is also contrary to controlling law. The proposed instruction also improperly replaces standard instructions on Michigan law. Further, it is duplicative of other instructions to which the parties agree (or at least largely agree). Finally, Defendant fails to provide any sources or authorities to support the instruction.

## <u>DEFENDANT'S REQUESTED SPECIAL JURY INSTRUCTION 1</u>

A police officer, as a government employee, is not normally subject to any claim for money damages made by a person who sustained an injury arising from the officer's actions. The police officer who has probable cause to believe a person has committed a crime has the right to arrest him and, if he resists arrest, the officer has the right to use reasonable force to compel compliance on his part. That is an essential part of doing his job as a law enforcement officer.

The officer is subject to a claim for damages arising from an action that violates a citizen's constitutional rights. Under law, a person who acts under color of state law and subjects an American citizen to denial of rights that are guaranteed under the U.S. Constitution is liable to that citizen for damages for injuries caused by that denial.

There are several undisputed facts that you must accept.
- Officer Wonch acted under color of state law. That is not disputed.
- Jack Hill was a citizen of the United States. That is not disputed.
- Officer Wonch acted properly in deciding to arrest Jack Hill. That is not disputed.

A person who is being arrested may not resist arrest or resist being handcuffed.

The rights that an arrestee has under the Constitution include, under the 4th Amendment, the right to be free from unreasonable search and seizure. That includes the right to be free from excessive force by the office in making the arrest.

Officer Wonch had the legal right to use reasonable force to make the arrest, if needed. That force may not be excessive. That force may continue only so long as it is necessary to secure compliance and complete the arrest. If he uses excessive force, or if the use of force continues after the arrest has been completed, that is a 4th Amendment violation and can subject the police officer to a claim for money damages as a result of any injury that Mr. Hill has sustained as a result of that violation.

Under the facts as they have been developed in this case, I instruct you that you may not consider the actions of Officer Wonch to bring Jack Hill down to the floor as an excessive use of force. You may also not consider anything that happened after he was handcuffed and brought to the door of the apartment as an excessive use of force. The only thing that is presented for your consideration and your decision is whether the officer's use of force while Jack Hill was on the ground, while Officer Wonch was attempting to get handcuffs on him and get him up to take him outside, was reasonable and necessary, or whether it was unreasonable and excessive.

Only an injury that resulted from a violation, if any, is compensable under this rule. The plaintiff may not recover any damages for injuries that resulted from his decision to resist arrest or from the officer's use of reasonable force to complete the arrest.

**Plaintiff's Objections:** first and foremost, this requested special instruction is objectionable because it is plainly suggestive and biased in favor of Defendant. It repeatedly instructs the jury on Defendant's actions from a perspective that clearly favors the Defendant's theory of the case and repeatedly underscores the various ways Defendant acted appropriately, even when those acts are irrelevant to the facts at hand. It instructs the jury that Officer Wonch "acted reasonably" in arresting Plaintiff even though false arrest has not been alleged. It discusses the illegality of resisting arrest and resisting cuffing even though the legality of doing so is not at issue. Further, it is duplicative of other instructions to which the parties agree (or at least largely agree). Finally, Defendant fails to provide any sources or authorities to support the instruction.

## <u>DEFENDANT'S REQUESTED SPECIAL JURY INSTRUCTION 2</u>

You will hear and you have heard testimony that Officer Wonch used foul language during the time that he was attempting to gain compliance from Jack Hill. Even when the use of bad language violates the policy of a police department, that use does not make a constitutional violation. Liability under §1983 can in no way be premised on the use of foul language by a police officer.

**<u>Plaintiff's Objections:</u>** this proposed instruction is biased in favor of Defendant and misstates the law. First, violations of department policies are relevant in determining whether an officer acted reasonably. *Kiddis v. Reid*, No. 16-13070, 2018 WL 5000026 (E.D. Mich.) at *5-*6; *King v. Taylor*, 944 F.Supp.2d 548, 556 (E.D. Ky. 2013) (testimony regarding department's policies and procedures was relevant to whether officer's actions were objectionably reasonable); *McDonald v. City of Memphis*, 2016 WL 8201168 (W.D. Tenn. 2016)(internal affairs' conclusion that excessive force policy was relevant on reasonability inquiry). Second, the proposed instruction's reference to Defendant "attempting to gain compliance from Jack Hill" presupposes noncompliance on the part of Plaintiff, despite the fact that the Court has ruled that Plaintiff's level of resistance during the knee strikes was a fact question for the jury. See ECF No. 47, PageID.232. Further still, "Defendant's use of foul language or profanities is part of the totality of the circumstances surrounding the knee strikes." ECF No. 103, PageID.788. Also, "[t]he use of profanities is relevant for the jury to ascertain whether Defendant's conduct was 'motivated by evil motive or intent.'" *Id.* (citing *Smith v. Wade*, 461 U.S. 30, 56 (1993)). This instruction should not be read.

## DEFENDANT'S REQUESTED SPECIAL JURY INSTRUCTION 3

One of the plaintiff's claims is made under Michigan law. This is a claim for battery. Battery is a tort, meaning an actionable wrong. Battery consists of the unlawful touching of one person by another, when the other does not have a legally recognized right to touch him. Under these circumstances, it would be the unlawful use of force. I instruct you to the police officer has a legal right to use reasonable force to prevent a person from committing a crime and the right to use reasonable force to place a subject under arrest when he has reasonable cause to believe that he has committed a crime. The reasonable use of force by the police officer is permitted and privileged under law, and any injury that results from the reasonable use of force is not actionable.

Further, I instruct you that, under Michigan law, an employee of a government agency is immune from tort liability for an injury caused by him while in the course of employment if all of the following are met:

a - he was acting within the scope of his employment
b - he was carrying out a government function
c - his conduct does not amount to gross negligence that is the proximate cause of the injury

**Plaintiff's Objections:** this proposed instruction is duplicative of other instructions largely agreed upon, eschews standard jury instructions on the topic, and misstates the law.

The Michigan standard jury instructions on battery (requested by Plaintiff) suffice. "Michigan case law specifically provides that special or supplemental instructions should be given *only* if the standard instruction does not cover an area." *Rutka v. Collins*, unpublished opinion per curiam of the Court of Appeals, issued October 30, 2007 (Docket No. 268648) 2007 WL 3171265 at *2 (citing *Stoddard v. Manufacturers Nat'l Bank of Grand Rapids*, 234 Mich. App. 140, 162 (Mich. App. 1999). "Supplemental instructions, when given, must be modeled as nearly as practicable after the style of the Standard Jury Instructions and must be concise, understandable, conversational, unslanted, and nonargumentative." *Bouverette v. Westinghouse Electric Corp.*, 245 Mich. App. 391, 401-402 (Mich. App. 2001). Here, there is a standard instruction that is on point (M Civ JI 115.09, below) and inserting another reference to immunity to suit is repetitive, slanted, and argumentative. The instruction should be read as proposed since an adequate and well-vetted instruction on police immunity from state law assault/battery claims has already been proposed.

Further, the proposed instruction misstates the law insofar as it injects the gross negligence standard of Michigan's GTLA, rather than the appropriate standard for assault/battery by an officer under Michigan law, which was articulated by the Court. See ECF No. 47, PageID.234-PageID.235.

## <u>COLOR OF LAW</u>

"Acting under the color of law" simply means acting in one's capacity as a police officer. There is no dispute that the defendants in this case were acting under color of law at the time of this incident, and you must find this element to have been established.

In this case, the parties agree that the Defendant was acting in his capacity as a police officer. Therefore, you should conclude that the Defendant was acting under the color of law.

Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.3; Defendant's Response to Plaintiff's Request for Admission No. 51 (admitting Officer Wonch was acting in his capacity as a police officer, i.e., under the color of law, on the night in question).

**Defendant:** "See 30.03. This is repetitive."

**Plaintiff's Response:** Again, the reference to 30.03 as noted above. Defendant has not proposed a CV 3.03 instruction and the jury should be instructed what "acting under the color of law" means. Further, given that Defendant has admitted that Officer Wonch was acting as a police officer at the time in question, the jury should be instructed that the matter is not in dispute.

## <u>NO SPECIFIC INTENT REQUIRED</u>

It is not necessary to find that a defendant had any specific intent to deprive the plaintiff of his constitutional rights, or that he acted with malice or ill will in order to find for the plaintiff. The plaintiff is entitled to relief if defendant intended the actions which resulted in a violation of his constitutional rights.

*Graham v. Connor*, 490 U.S. 386, 397 (1989); *Parratt v. Taylor*, 451 U.S. 527 (1981) (overruled by *Daniels v. Williams*, 474 U.S. 327 (1986) ("We conclude that the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty, or property"); *Gomez v. Toledo*, 446 U.S. 635 (1980); *Monroe v. Pape*, 365 U.S. 167 (1961) (overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978)); *Hudson v. New York City*, 271 F.3d 62 (2d Cir. 2001) (reversing judgment for defendants in § 1983 action where court instructed the jury that an intentional violation of constitutional rights was required); Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.7.

**Defendant:** "I need to think a little more about this one, "no specific intent." It is probably close to accurate."

**Plaintiff's Response:** it is not clear that Defendant has an objection to this instruction. Irrespective, the instruction is accurate and well-supported by case law and authorities on § 1983 litigation.

## **CONSTITUTIONAL RIGHTS PROTECTED BY 42 U.S.C. § 1983**

You are instructed as a matter of law that under the Fourth Amendment to the Constitution of the United States, every citizen has a right to be free from unreasonable search and seizure, which includes the right to be free from excessive use of force.

You are further instructed that the federal civil rights statute under which the Plaintiff sues provides that a person may seek relief in Federal Court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

*Graham v. Connor*, 490 U.S. 386 (1989); 42 U.S.C. § 1983.

**No objections.**

## ILLUSTRATIVE SPECIFIC VIOLATION—EXCESSIVE FORCE

The plaintiff claims that excessive force was used by the defendant in connection with his arrest. A person, even if he is being lawfully arrested, has a constitutional right to be free of excessive force. An officer is entitled to use such force as a reasonable person would think is required to take one arrested into custody, and this may include such physical force is necessary to subdue a person who is struggling with an officer. However, an officer is not allowed to use any force beyond that reasonably necessary to accomplish his lawful purpose. Thus, if you find that the defendant used greater force than was reasonably necessary in the circumstances of this case, you must find that the defendant is liable for a violation of the plaintiff's constitutional rights.

*Graham v. Connor*, 490 U.S. 386 (1989); Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.20.

**Defendant:** "No objection except the last phrase should be 'you may find'"

**Plaintiff's Response:** accepting the change proposed by the defense would be erroneous. If the jury finds that defendant used greater force than reasonably necessary in the circumstances of this case, a Fourth Amendment violation has been established. *Graham*, *supra*. Given this, the permissive nature of the proposed instruction invites error and is inconsistent with the law concerning excessive force.

## EXCESSIVE FORCE CRITERIA

An officer's use of knee strikes must stop once a suspect has stopped actively resisting arrest. There is no occasion for the use of any force against a restrained person who is securely in custody. An officer may not avenge himself for a person's pre-surrender conduct by punishing him bodily after he has submitted. Beating and striking restrained suspects who are in the control of the police is "plainly excessive" force.

Opinion re: Motion for Summary Judgment; ECF No. 47, PageID.231; *Rudlaff v. Gillespie*, 791 F.3d 638, 642 (6th Cir. 2015); *Feemster v. Dehntjer*, 661 F.2d 87, 89 (8th Cir. 1981) *Cox v. Treadway*, 75 F.3d 230, 234 (6th Cir. 1996), *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988).

**Defendant:** 1. "Objection to this instruction. It does not accurately state the law. The sentence would be unobjectionable without the highlighted word ["actively" in first sentence of instruction; highlight omitted to comply with WDMI directives for proposed jury instructions]."

2. "The first sentence may not accurately state the standard that applies. It may be unobjectionable if the word 'active' is removed."

**Plaintiff's Response:** the objection is opposed. Relying on *Rudlaff*, the Court here held that "knee strikes must cease once the person has stopped ***actively*** resisting arrest," when denying summary judgment on the knee strikes. ECF No. 47, PageID.231 § 2 (emphasis added). Defendant objects to the portion of the instruction that is barely paraphrasing the Court's ruling. In *Rudlaff*, the court held that "[a] simple dichotomy thus emerges, When a suspect ***actively resists*** arrest, the police can use a taser (or knee strike) to subdue him; but when the suspect does not resist, or has stopped resisting, they cannot." *Rudlaff*, 791 F.3d at 642 (emphasis added). The Sixth Circuit has held that putting hands out of reach to avoid cuffing and refusing to follow commands constitutes passive resistance. *Griffith v. Coburn*, 473 F.3d 650, 653 (6th Cir. 2007). The Sixth Circuit's "prior opinions clearly establish that it is unreasonable to use significant force on a restrained subject even if some level of passive resistance is presented." *Meirthew v. Amore*, 417 F. App'x. 494, 499 (6th Cir. 2011); *Richards v. County of Washtenaw*, 818 Fed. Appx. 487, 492-493 (6th Cir. 2020) (summary judgment not indicated in excessive force claim where plaintiff claimed he could not comply with commands because plaintiff's arms were pinned underneath him; applying the restrained subject analysis quoted from *Meirthew*, *supra*). The instruction should be read over Defendant's objection.

## EXCESSIVE FORCE; OBJECTIVE TEST

Whether the force used by the officer was reasonable must be judged from the perspective of an objectively reasonable officer. It is your decision of what force a reasonable officer would have used which controls, not the state of mind of the defendant himself. Evil intentions on the part of the officer will not establish a constitutional violation if the force used was objectively reasonable. At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation, even if you believe he had good intentions.

Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.22; *Cox v. Treadway*, 75 F.3d 230, 234 (6th Cir. 1996).

**Defendant:** "probably unobjectionable"

**Plaintiff's Response:** no response necessary at this point. This instruction should be read.

## **ASSAULT—DEFINITION**

Plaintiff has also alleged that Defendant committed an assault and/or battery against him.

An assault is any intentional, unlawful threat or offer to do bodily injury to another by force, under circumstances which create a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the act if not prevented.

Michigan Model Civil Jury Instruction ("M Civ JI") 115.01 (second paragraph only; first paragraph is prefacing)

**Defendant:** "I do not believe that it is proper to make reference to 'assault' or 'assault and battery'. This case as alleged by plaintiff involves only a claimed battery. An assault is a threat, but in the case of the striking of the plaintiff's body by the officer's knee was completed. If that it is not a proper use of force, that is a battery."

**Plaintiff's Response:** the Court has ruled that Plaintiff's assault and battery claim against Officer Wonch may be determined by the jury. See ECF No. 47, PageID.324-PageID.325. Defendant's effort to dispose of the assault claim at the jury instructions phase of the case runs afoul of the Court's prior order concerning summary relief. Further, an assault requires only an unlawful threat or offer of injury '"which create a well-founded apprehension of contact, coupled with the apparent present ability to accomplish the contact.'" *Smith v. Stolberg*, 231 Mich. App. 256, 260 (Mich. App. 1998) (quoting *Espinoza v. Thomas*, 189 Mich. App. 110, 119 (Mich. App. 1991)). While Defendant was delivering knee strikes, Mr. Hill said "you're hurting me" multiple times. ECF No. 47, PageID.226. This shows that Mr. Hill apprehended imminent peril of being battered with Defendant's knee.  It is a given that Defendant had the present ability to accomplish the contact. This instruction should be read.

## <u>BATTERY—DEFINITION</u>

A battery is the willful or intentional touching of a person against that person's will by another.


M Civ JI 115.02



**Defendant:** "Object without any reference to the privilege to use force"

**Plaintiff's Response:** Defendant's request for consideration of "the privilege to use force" is presumably a reference to governmental immunity. If so, that instruction is covered by M Civ JI 115.09, which has been included below in the order used in the Michigan Civil Jury Instructions. Defendant does not object to the use of M Civ JI 115.09, *infra*. Thus, the standard jury instruction, which has been proposed without objection, alleviates this problem.

"Michigan case law specifically provides that special or supplemental instructions should be given *only* if the standard instruction does not cover an area." *Rutka v. Collins*, unpublished opinion per curiam of the Court of Appeals, issued October 30, 2007 (Docket No. 268648) 2007 WL 3171265 at *2 (citing *Stoddard v. Manufacturers Nat'l Bank of Grand Rapids*, 234 Mich. App. 140, 162 (Mich. App. 1999). "Supplemental instructions, when given, must be modeled as nearly as practicable after the style of the Standard Jury Instructions and must be concise, understandable, conversational, unslanted, and nonargumentative." *Bouverette v. Westinghouse Electric Corp.*, 245 Mich. App. 391, 401-402 (Mich. App. 2001). Here, there is a standard instruction that is on point (M Civ JI 115.09, below) and inserting another reference to immunity to suit is repetitive, slanted, and argumentative. The instruction should be read as proposed since an adequate and well-vetted instruction on police immunity from state law assault/battery claims has already been proposed.

## <u>ASSAULT AND BATTERY—PROVOCATION BY MERE WORDS NOT A DEFENSE</u>

Words alone, no matter how insulting, do not justify an assault or battery against the person who utters the words.

M Civ JI 115.07

**Defendant:** "This is not relevant to our case"

**Plaintiff's Response:** before Plaintiff moved towards Ms. Lara, prior to Defendant's bodyslam/knee strike, the Court observed that Mr. Hill called Officer Wonch a "punk ass motherfucker." ECF No. 47, PageID.226. Mr. Hill also used other words towards Defendant. Thus, contrary to the Defendant's argument, insulting words were said to Defendant and this instruction is applicable to this case. Consistent with Michigan law, the jury should be cautioned that insulting words alone cannot justify assault or battery.

## <u>USE OF FORCE BY LAW ENFORCEMENT OFFICER IN LAWFUL ARREST</u>

If a person has knowledge, or by the exercise of reasonable care should have knowledge, that he or she is being lawfully arrested by a law enforcement officer, it is the duty of that person to refrain from resisting the arrest.

An arresting officer may use such force as is reasonably necessary to effect a lawful arrest. However, an officer who uses more force than is reasonably necessary to effect a lawful arrest commits a battery upon the person arrested to the extent the force used was excessive.

M Civ JI 115.09

**No objections.**

## **CREDIBILITY OF WITNESSES**

The testimony of law enforcement officers should be considered by you just as any other evidence in this case, and in evaluating their credibility, you should use the same guidelines you apply to the testimony of any witness. You should not give either greater or lesser credence to the testimony of a witness merely because the witness is a law enforcement officer.

*Butler v. City of Camden, City Hall*, 352 F.3d 811 (3d Cir. 2003); *Roberts v. Hollocher*, 664 F.2d 200 (8th Cir. 1981); *Darbin v. Nourse*, 664 F.2d 1109 (9th Cir. 1981); *Bush v. U.S.*, 375 F.2d 602, 605 (D.C. Cir. 1967); Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.8.

## <u>BIAS OF OFFICIALS AS WITNESSES</u>

  Several of the witnesses here are still employed by Forsyth Township and hence are interested witnesses in the outcome of this case. Their relationship with and employment by Forsyth Township are matters for you to consider together with your observation of the witnesses and the testimony you have heard, in determining whether they are biased in favor of the defendant and what weight you will give to their testimony.


Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.9.

## CAUSATION

Plaintiff must prove that the defendant caused the harm or injuries he allegedly suffered. In determining the question of causation, you should decide whether the defendant's wrongful conduct was a substantial factor in the resulting injury or harm. It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.

*Egervary v. Young*, 366 F.3d 238, 246 (3d Cir. 2004); *Powers v. Hamilton County Public Defender Comm'n.*, 501 F.3d 592, 610 (6th Cir. 2007) (adopting *Egervary*'s causation analysis in a § 1983 case); Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.6; Restatement (Second) of Torts, § 431 (1965).

## PROXIMATE CAUSATION

If you believe that plaintiff's constitutional rights were violated and/or that defendant committed an assault or battery against plaintiff, then you must then consider the violations proximately caused injury or damage to plaintiff. An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

WDMI, CV 3.03A


**Defendant:** "The highlighted language [the first sentence; highlighting omitted to comply with local rules] was added to standard JI 3.03A without any form of notice. And there is an error. A word was added and a word appears to be omitted."

**Plaintiff's Response:** Plaintiff did not claim to be quoting the standard instruction. E.g., in other proposed instructions where case law is cited, those cases are not quoted verbatim. That said, if Defendant objects to the first sentence of the proposed instruction, Plaintiff will stipulate to omit same.

As to the claim that there is an error with an added word and an omitted word, Plaintiff's counsel has spent some time reviewing the language of CV 3.03A and has been unable to identify the added word/missing word.

## PROXIMATE CAUSE AND PROXIMATELY CONTRIBUTED

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

For the claims brought under state law, the occurrence which is claimed to have produced the injury must be the most immediate, efficient, and direct cause of the injury that is claimed.

WDMI CV 3.03B; *Robinson v. City of Detroit*, 462 Mich. 439 (Mich. 2000).

**Plaintiff's objection:** For the sake of clarity, Plaintiff proposes replacing the phrase "claims brought under state law" with "assault and battery claim." Doing so will alleviate any ambiguity as to which claims arise under state law and which arise under federal law.

## <u>MORE THAN ONE PROXIMATE CAUSE</u>

The law does not necessarily recognize only one proximate cause of an injury or damage, consisting of only one factor or thing, or the conduct of only one person. On the contrary, many factors or things, or the conduct of two or more persons, may operate at the same time, either independently or together, to cause injury or damage; and in such a case, each may be a proximate cause.

Devitt, Blackman and Wolff, Federal Jury Practice and Instructions § 80.19

**Defendant:** "Object based on failure to recognize the special rule that applies to Michigan-based claims under s1407(2)"

**Plaintiff's Response:** Defendant's objection is based on *Robinson v. City of Detroit*, 462 Mich. 439 (Mich. 2000). Defendant's objection is alleviated by the instruction on PROXIMATELY CAUSED AND PROXIMATELY CONTRIBUTED, above, which was revised at Defendant's request.

## COMPENSATORY DAMAGES

The fact that plaintiff's rights are found to have been violated entitles him to compensation for the actual damages he has suffered. Therefore, if you decide for the plaintiff on the issue of liability, you must then fix the amount of money damages which will reasonably and fairly compensate him for any harm which the wrongful conduct of the defendant was a substantial factor in bringing about.

You may award compensatory damages to plaintiff to deter defendant from engaging in conduct of this nature in the future, so long as your compensatory damages award is grounded in determinations of plaintiff's losses. Among the elements of injury and harm which you should consider are:

1. The physical harm to the plaintiff during and after the impairment, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain, disability, and discomfort which plaintiff will, with reasonable certainty, suffer in the future.

2. The emotional and mental harm to the plaintiff during and after the incident, including fear, humiliation, and mental anguish, and any emotional harm, fear, or mental anguish that plaintiff will, by a preponderance of the evidence, suffer in the future.

3. The reasonable expense of medical or psychological care, treatment, and services required and received by the plaintiff in connection with his physical and psychological injuries, and the expenses for medical or psychological care that will be reasonably incurred in the future.

4. The extent and duration of the injuries, including their continuation into the future.

Avery, Rudousky and Blum, Police Misconduct Law and Litigation (3d ed.) § 12.22; *Memphis Community Schools v. Stachura*, 477 U.S. 299, 307 (1986) (In describing compensatory damages under § 1983, observing that "[d]eterrence is also an important purpose of this system, but it operates through the mechanism of damages that are *compensatory*—damages grounded in determinations of plaintiffs' actual losses."); *Ellison v. Balinski*, 625 F.3d 953, 959 (6th Cir. 2010); *Glasson v. City of Louisville*, 518 F.2d 899, 903, 912 (6th Cir. 1975) (overruled on other grounds by *Bible Believers v. Wayne County, Mich.*, 805 F.3d 228 (6th Cir. 2015)); *Smith v. Heath*, 691 F.2d 220, 226 (6th Cir. 1982).

## DAMAGES - REASONABLE - NOT SPECULATIVE

Damages must be reasonable.  If you should find that the plaintiff is entitled to a verdict, you may award the plaintiff only such damages as will reasonably compensate the plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that was sustained as a proximate result of defendant's acts or omissions.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury--tangible and intangible.  They are an attempt to restore the plaintiff, that is, to make the plaintiff whole or as the plaintiff was immediately prior to the injuries.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

WDMI, CV 3.04A

## PUNITIVE DAMAGES

You may decide whether the plaintiff is entitled to the award of any punitive damages. The function of punitive damages is to punish the defendant for malicious conduct and to deter similar conduct by others. Whether you decide to award any punitive damages should be based on whether you find that the defendant acted maliciously, wantonly or oppressively. If you find that the defendant has done one of those things, then you may award punitive damages.

Punitive damages may be awarded even if the violation of plaintiff's rights resulted in only nominal compensatory damages. That is, even if the plaintiff can show no damages or other injury as a result of the defendants' actions, if these actions were deliberate, willful or made with reckless disregard of plaintiff's rights, punitive damages are appropriate.

Avery, Rudousky and Blum, Police Misconduct, Law and Litigation, (3d Ed.) § 12:46; *Furtado v. Bishop*, 604 F.2d 80 (1st Cir. 1979).

**Defendant:** "we object for the reasons stated previously
we also object to paragraph 2 – it invites an award of nominal damages
under case law 1983, only actual injury can form a basis for damages
pl's proposed verdict form recognizes that fact and certainly there is an actual injury in this case"

**Plaintiff's Response:** it appears that Defendant is renewing his objection on punitive damages raised in his motion in limine seeking to bar punitive damages. The Court denied this motion, noting that "Defendant provides no citation to any federal case holding that punitive damages are not available in civil rights actions against individuals." ECF No. 103, PageID.788. The Court went on to cite extensive case law making clear that punitive damages *are* allowed in these types of cases. The Court has already ruled on Defendant's prior objection.

As to the objection to ¶ 2, nominal damages are allowed in § 1983 cases. The Supreme Court has held nominal damages "are the appropriate means of 'vindicating' rights whose deprivation has not caused actual, provable injury." *Memphis Community School District v. Stachura*, 477 U.S. 299, 308 n. 11 (1986). Moreover, punitive damages are allowed even if the Plaintiff is awarded only nominal damages. *Martin v. Harris*, 342 F.2d 332 (6th Cir. 1988). The reference to nominal damages, which the jury could award here, is not objectionable. For these same reasons, Defendant's argument that "only actual injury can form a basis for damages" is not supported by the law applicable to this case. Defendant's objection should be overruled and this instruction should be read as proposed.

## DAMAGES - PUNITIVE AND EXEMPLARY - WHEN CAUSED BY INTENTIONAL TORT - MALICIOUSLY - WANTONLY - OPPRESSIVELY – DEFINED

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person.

An act or a failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

When deciding whether to award punitive damages you may consider whether the conduct is an isolated incident or is repeated misconduct, whether them is conduct involves violence, whether the misconduct involves mere negligence or something more severe.

Whether or not to make any award of punitive damages, in addition to compensatory damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in the case, that the defendant's act or omission, which proximately caused actual damage to the plaintiff, was maliciously or wantonly or oppressively done; but you should always bear in mind that such extraordinary damages may be allowed only if you should first unanimously award the plaintiff a verdict for actual or compensatory damages. And, you should also bear in mind, not only the conditions an award of punitive and exemplary damages to be made, but also the requirement of the law that the amount of such extraordinary damages, when awarded, must be fixed with calm discretion and sound reason, and must never be either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

*BMW of North America, Inc. v. Gore*, 517 U.S. 559, 576 (1996).

**Defendant:** "Object as unnecessary in light of p. 36"

**Plaintiff's Response:** the nature of this objection is unclear. Presumably, Defendant is indicating that because he thinks punitive damages should not be available to the jury, there should be no further instruction as to the operative terms. This is not a valid argument. This instruction should be read as punitive damages are in play in this case.

## INTRODUCTION (CONSIDERATION OF EVIDENCE)

That concludes the part of my instructions explaining the elements of the claim(s) made by plaintiff and how to calculate damages if you find that damages should be awarded.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

U.S. Dist. Ct., WD MI, CV 4.01

## **STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been given to you.  You should therefore treat these facts as having been proved.

WDMI, CV 4.02A

## JUDICIAL NOTICE (IF INDICATED BY PROOFS AT TRIAL)

The Court has decided to accept as proved the fact that [_____]
even though no evidence has been introduced on the subject.  You may, but are not required to,
accept this fact as true.

U.S. Dist. Ct., WD MI, CV 4.02B

## LIMITED PURPOSE EVIDENCE (IF INDICATED BY PROOFS AT TRIAL)

The evidence [of _____] [you are about to hear] [you have just heard] may be considered only for the limited purpose of [_____] and for no other purpose.

WDMI, CV 4.04

## <u>TESTIMONY OF EXPERT WITNESSES</u>

During the trial you heard the testimony of Ken Katsaris and Terry Nerbonne, who were described as experts in police practices and use of force.  These witnesses were permitted to testify even though these people did not actually witness any of the events involved in this trial.

A person's training and experience may make that witness a true expert in a technical field.  The law allows that person to state an opinion here about matters in that particular field.  Merely because a witness has expressed an opinion does not mean, however, that you must accept this opinion.  The same as with any other witness, it is up to you to decide whether you believe their testimony and choose to rely upon it.  Part of that decision will depend on your judgment about whether the witnesses' background of training and experience is sufficient for the witness to give the expert opinions that you heard.  You must also decide whether the witnesses' opinions were based on sound reasons, judgment, and information.

WDMI, CV 4.05

## <u>COMPENSATION OF EXPERT WITNESSES</u>

During the trial, witnesses who gave opinions may have been asked if they had been or would be compensated for their services.

It is not improper for a witness who gave an opinion to be compensated for services.  It is a customary and accepted procedure. No possible suggestion of impropriety results from the compensation for the services of such a witness, including compensation for giving testimony at trial.

WDMI, CV 4.05A

## <u>SUMMARIES NOT ADMITTED IN EVIDENCE (IF APPLICABLE)</u>

   You have seen some charts and summaries that were not received in evidence that may help explain the evidence.  Their only purpose is to help explain the evidence.  These charts [and the time-lines put on the board] are not themselves evidence or proof of any facts.

WDMI, CV 4.06

## WITNESS WHO HAS BEEN INTERVIEWED BY AN ATTORNEY

It has been brought out that an attorney has talked with witnesses.  There is nothing wrong with an attorney talking with a witness for the purpose of learning what the witness knows about the case and what testimony the witness will give.


WDMI, CV 4.06W

## <u>IMPEACHMENT - INCONSISTENT STATEMENT (PRIOR CONVICTION)</u>

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness.  The fact of such a conviction does not necessarily destroy the witness' credibility, but is one of the circumstances you may take into account in determining the weight to be given to his or her testimony.

WDMI, CV 4.07

## <u>IMPEACHMENT BY PRIOR INCONSISTENT STATEMENT NOT UNDER OATH</u>
## <u>(IF INDICATED BY PROOFS AT TRIAL)</u>

You have heard the testimony of [WITNESS NAME]. You have also heard that before this trial that this witness made a statement that may be different from that witness's testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable this witness's testimony was.  You cannot use it as proof of anything else.  You can only use it as one way of evaluating this witness's testimony here in court.

WDMI, CV 4.08