IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,                    )
                                    )        Case No. 2:19-cv-159-HYJ-MV
              Plaintiff,            )
                                    )        U.S. District Judge:
       v.                           )        Hon. Hala Y. Jarbou
                                    )
JUSTIN WONCH,                       )        U.S. Magistrate Judge:
                                    )        Hon. Maarten Vermaat
              Defendant.            )

## JOINT PROPOSED STATEMENT OF THE CASE AND STATEMENT OF THE ELEMENTS THAT MUST BE PROVEN

### I.      Joint Statement of the Case

Plaintiff Richard Hill alleges his constitutional rights were violated and that the was assaulted and battered by Forsyth Township Police Department Officer Justin Wonch during an investigation and arrest that occurred on March 23, 2019. Plaintiff alleges that the knee strikes, or blows inflicted by the knee, used by Defendant were an excessive use of force, in violation of his fourth amendment rights, causing him damages. Defendant denies this allegation. Plaintiff also alleges that Defendant committed an assault and/or battery under Michigan law when he delivered the knee strikes. Defendant denies this allegation as well.

### II.     Elements to be Proven

The plaintiff has filed this action in part under a provision of the United States Code, Title 42, Section 1983, which gives a person the right to bring a lawsuit for a violation of a constitutional right by a police officer acting in an official capacity. In order to prevail on this claim, plaintiff must prove two things:

1.  That the defendant acted under the color of law; and

2.  That the defendant deprived the plaintiff of one or more constitutional rights.

As to assault and/or battery, Plaintiff must prove the following:

For an assault, that Defendant committed an intentional, unlawful threat or offer to do bodily injury to another by force, under circumstances which create a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the act if not prevented.

For a battery, that Defendant committed the willful or intentional touching of a person against that person's will by another.

**Defendant's Objection:** "As noted elsewhere, 'assault' is not an issue, and there must a reference to the officer's privilege to use reasonable force.

Two elements of the 1983 claim – that Hill is an American citizen, not mentioned here and that Wonch acted under color of state law, are not contested."

**Plaintiff's Response:** The two groups of additions proposed by Defendant (above) need not be included. Other than raising these two issues, Defendant makes no other objections or proposals as to the Statement of the Case and Statement of the Elements.

As to Defendant's first objection, assault is an issue in this case. See discussion in comment to Jury Instructions, ECF No. 120, PageID.879. As to Defendant's second objection, there are only two elements to a § 1983 claim. "A plaintiff must prove two elements to prevail on either type of claim [i.e., a § 1983 claim or a *Bivens* claim]: (1) that he or she was deprived of rights secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under the color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).