IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-HYJ-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Hala Y. Jarbou |
| | ) | |
| JUSTIN WONCH, | ) | U.S. Magistrate Judge: |
| | ) | Hon. Maarten Vermaat |
| Defendant. | ) | |

**PLAINTIFF'S TRIAL BRIEF**

I.  **INTRODUCTION**

This is a 42 U.S.C. § 1983 claim alleging excessive force against Forsyth Township Police Department ("**FTPD**") Officer Justin Wonch. Plaintiff also alleges state law assault/battery claims arising out of the same incident. The defense denies these allegations and has pled affirmative defenses. Discovery is completed and this matter is now set for trial.

II.  **SUMMARY OF THE CASE AND ANTICIPATED ISSUES**

On March 22, 2019, Richard Hill was severely injured by Forsyth Township Police Department Officer Justin Wonch. Officer Wonch declined backup, failed to separate the parties, and instigated a situation that precipitated his use of excessive force. He then improperly used repeated knee strikes on a 68-year-old intoxicated man while he was face-down on the floor, pinned in the corner between a wall and a couch.

Mr. Hill sustained over 20 fractures, including numerous painful rib fractures with associated lung injury and an unstable spinal fracture that required emergency surgery. He spent two months as an inpatient, both in the hospital and at a nursing home.

Plaintiff contends that the knee strikes used by Defendant Wonch were objectively unreasonable and constitute excessive force in violation of Plaintiff's Fourth Amendment rights. At the time the knee strikes were performed, Mr. Hill was face down on the ground. His body was against the wall and his head was near the couch. There was nowhere he could go and he was not actively resisting. Nevertheless, Officer Wonch battered him with numerous knee strikes improperly applied to Mr. Hill's torso.

Plaintiff further contends that Defendant's actions in delivering knee strikes constituted assault and/or battery under Michigan law. It is Plaintiff's position that Defendant used more force than necessary in effecting Plaintiff's arrest and that he acted with malice. Therefore, he should be liable for assault/battery under Michigan law.

As to damages, Plaintiff will seek both compensatory and punitive damages. If the jury is not persuaded as to compensatory damages, it may still award nominal damages and punitive damages. Damages will be supported by medical records and medical bills.

One significant concern for trial is the use of time expended on Defendant's counsel repeatedly re-raising evidentiary issues that have already been ruled upon. This has the potential to bog down the progress of trial and cause needless delay of the proofs. Defendant's trial filings indicate that the defense intends to flout the Court's evidentiary rulings on motions in limine. For example, Defendant continues to raise objections to jury instructions based on his objections to punitive damages instructions. Joint Proposed Jury Instructions, PageID.891. But see Order on Motions in Limine, PageID.788-PageID.789 (court finding that Defendant offered no legal support for argument against punitive damages). Another example: Defendant continues to equivocate the testimony of Plaintiff's expert, Ken Katsaris, claiming that he is interposing

"claims of ordinary negligence, rather than constitutional violations." See Defendant's Trial Br., PageID.842. However, the Court has ruled on this already. Order on Motions in Limine, PageID.787-PageID.788. For that matter, if Plaintiff's testified as to constitutional violations as suggested by Defendant, Defendant would object as to opinions on the ultimate issue—the issue of policy and procedure violations is well-settled. There are numerous examples of similar tactics.

While it is Defendant's prerogative to raise objections as he sees fit, it has been made clear that the Court intends to have this trial completed during the week of July 11, 2022. Plaintiff should not be penalized to the extent that Defendant slows Plaintiff's proofs with repeated, redundant objections over issues already ruled upon.

### III.   CONCLUSION

Defendant Wonch used excessive force when delivering knee strikes to Mr. Hill's torso. Mr. Hill suffered significant injuries as a consequence. The Defendant will not be able to show his actions to be objectively reasonable. It will not be hard for the jury to realize that something very wrong has happened here and is anticipated to hold the Defendant accountable. The compensatory and punitive damages sought will be substantial.

Respectfully submitted,

**Numinen, DeForge & Toutant, P.C.**


    s/ Phillip B. Toutant

_____
PHILLIP B. TOUTANT (P72992)
Attorney for Plaintiff
105 Meeske Ave.
Marquette, MI 49855
(906) 226-2580
phillip@numinenlaw.com

4