UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD J. HILL,

    Plaintiff,

v

JUSTIN WONCH,

    Defendant.

U.S. District Judge:
  Hon. Hala Y. Jarbou

U.S. Magistrate Judge:
  Maarten Vermaat

Case No: 2:19-cv-159

_____/

| | |
|---|---|
| Phillip B. Toutant (P72992)<br>Karl P. Numinen (P46074)<br>NUMINEN DEFORGE & TOUTANT, P.C.<br>Attorneys for Plaintiff<br>105 Meeske Avenue<br>Marquette, MI  49855<br>(906) 226-2580 | M. Sean Fosmire (P31737)<br>Thomas R. Shimmel (P41280)<br>KITCH DRUTCHAS WAGNER<br> VALITUTTI & SHERBROOK<br>Attorneys for Defendants<br>1440 W. Ridge Street, Ste. C<br>Marquette, MI 49855-3199<br>(906) 228-0001 |

_____/

**DEFENDANT'S UPDATED REQUEST FOR SPECIAL JURY INSTRUCTIONS
AND UPDATED 3.03 (ELEMENTS)**

    Defendant Justin Wonch through his attorneys, Kitch Drutchas Wagner Valitutti & Sherbrook, requests the following amended jury instructions be presented to the jury panel. These jury instructions have been amended only to add authorities after each.

                                Respectfully submitted,

                                KITCH DRUTCHAS WAGNER
                              VALITUTTI & SHERBROOK

Dated:  July 8, 2022                   By:____/s/ *M. Sean Fosmire*_____
                                                       M. Sean Fosmire

Kitch Drutchas
Wagner Valitutti &
Sherbrook
ATTORNEYS AND COUNSELORS
1440 W. Ridge Street
Suite C
Marquette, Michigan
49855-3199

(906) 228-0001

MAR01:85343.1

REQUESTED SPECIAL JURY INSTRUCTION 1

A police officer, as a government employee, is not normally subject to any claim for money damages made by a person who sustained an injury arising from the officer's actions. The police officer who has probable cause to believe a person has committed a crime has the right to arrest him and, if he resists arrest, the officer has the right to use reasonable force to compel compliance on his part. That is an essential part of doing his job as a law enforcement officer.

The officer is subject to a claim for damages arising from an action that violates a citizen's constitutional rights. Under law, a person who acts under color of state law and subjects an American citizen to denial of rights that are guaranteed under the U.S. Constitution is liable to that citizen for damages for injuries caused by that denial.

There are several undisputed facts that you must accept.
- Officer Wonch acted under color of state law. That is not disputed.
- Jack Hill was a citizen of the United States. That is not disputed.
- Officer Wonch acted properly in deciding to arrest Jack Hill. That is not disputed.

A person who is being arrested may not resist arrest or resist being handcuffed.

The rights that an arrestee has under the Constitution include, under the 4th Amendment, the right to be free from unreasonable search and seizure. That includes the right to be free from excessive force by the office in making the arrest.

Officer Wonch had the legal right to use reasonable force to make the arrest, if needed. That force may not be excessive. That force may continue only so long as it is necessary to secure compliance and complete the arrest. If he uses excessive force, or if the use of force continues after the arrest has been completed, that is a 4th Amendment violation and can subject the police officer to a claim for money damages as a result of any injury that Mr. Hill has sustained as a result of that violation.

Under the facts as they have been developed in this case, I instruct you that you may not consider the actions of Officer Wonch to bring Jack Hill down to the floor as an excessive use of force. You may also not consider anything that happened after he was handcuffed and brought to the door of the apartment as an excessive use of force. The only thing that is presented for your consideration and your decision is whether the officer's use of force while Jack Hill was on the ground, while Officer Wonch was attempting to get handcuffs on him and get him up to take him outside, was reasonable and necessary, or whether it was unreasonable and excessive.

Only an injury that resulted from a violation, if any, is compensable under this rule. The plaintiff may not recover any damages for injuries that resulted from his decision to resist arrest or from the officer's use of reasonable force to complete the arrest.

Civil Rights Act of 1871, codified at 42 U.S.C. 1983
4th Amendment, applicable through due process clause of 14th Amendment
Previous rulings of the Court removing three other claims of violation

REQUESTED SPECIAL JURY INSTRUCTION 2

You will hear and you have heard testimony that Officer Wonch used foul language during the time that he was attempting to gain compliance from Jack Hill. Even when the use of bad language violates the policy of a police department, that use does not make a constitutional violation. Liability under §1983 can in no way be premised on the use of foul language by a police officer.

*Oltarzewski v. Ruggiero*, 830 F. 2d 136 (9th Cir. 1987)

REQUESTED SPECIAL JURY INSTRUCTION 3

One of the plaintiff's claims is made under Michigan law. This is a claim for battery. Battery is a tort, meaning an actionable wrong. Battery consists of the unlawful touching of one person by another, when the other does not have a legally recognized right to touch him. Under these circumstances, it would be the unlawful use of force. I instruct you to the police officer has a legal right to use reasonable force to prevent a person from committing a crime and the right to use reasonable force to place a subject under arrest when he has reasonable cause to believe that he has committed a crime. The reasonable use of force by the police officer is permitted and privileged under law, and any injury that results from the reasonable use of force is not actionable.

Further, I instruct you that, under Michigan law, an employee of a government agency is immune from tort liability for an injury caused by him while in the course of employment if all of the following are met:

a - he was acting within the scope of his employment

b - he was carrying out a government function

c - his conduct does not amount to gross negligence that is the proximate cause of the injury


Governmental Liability for Negligence, Public Act 170 (1964), as applied to individual actors, section 7(2) [MCL 691.1407(2)]

DEFENDANT'S REQUESTED CAUTIONARY INSTRUCTION

I want to caution you, in listening to testimony from this witness or others regarding the language of policies that have been adopted by the Forsyth Township Police Department, and in general about claims that Officer Wonch acted negligently on March 22, 2019:

Standards and policies may be considered by you, but they do not define the constitutional boundaries that limit what a police officer is permitted to do under law in using reasonable force to effectuate an arrest.

A mistake or error on the part of the police officer which is not certain or expected to result in a constitutional violation of the rights of a subject cannot form the basis for a claim against him under §1983. A police office does not violate a person's constitutional rights simply by an error or an act of negligence. It is only the use of force that exceeds the limits of proper force, as they are found to exist by you, that can form the basis of a finding in favor of the plaintiff under these circumstances.

Submitted as directed by the Court in its ruling on Defendant's second motion in limine. PageID.788, without waiver of Defendant's position that a curative instruction is insufficient to avoid the prejudicial effect of the expert's testimony regarding allegedly negligent acts of the defendant.

*Griffin v. Breckenridge*, 403 U. S. 88, 101-102 (1971)

*Paul v. Davis*, 424 U.S. 693 (1976)

*Fitzke v. Shappel*, 468 F.2d 1072 (6th Cir. 1972)

**CV 3.03B - Proximate Cause and Proximately Contributed**
**(Adapted)**

As previously instructed, "proximate cause or proximately contributed" means, first, that there must have been a connection between the defendant's actions and the plaintiff's injury and, second, that the occurrence which is claimed to have produced the injury was a natural and probable result of the defendant's conduct.

*For the claims brought under state law, the occurrence which is claimed to have produced the injury must be the most immediate, efficient, and direct cause of the injury that is claimed.*

Basis of added paragraph:
Governmental Liability for Negligence, Public Act 170 (1964), as applied to individual actors, section 7(2) [MCL 691.1407(2)]
*Robinson v. City of Detroit*, 462 Mich. 439, 458, 613 N.W.2d 307 (2000)