IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| RICHARD J. HILL, | ) | |
| | ) | Case No. 2:19-cv-159-HYJ-MV |
| Plaintiff, | ) | |
| | ) | U.S. District Judge: |
| v. | ) | Hon. Hala Y. Jarbou |
| | ) | |
| JUSTIN WONCH, | ) | U.S. Magistrate Judge: |
| | ) | Hon. Maarten Vermaat |
| Defendant. | ) | |

## NOTICE RE: EXCERPTS OF DEPOSITION TESTIMONY OF JOSEPH FITZGERALD

As noted in the Court's Supplement to Final Pretrial Order, ECF No. 130, PageID.951, ¶ 5, Plaintiff files this Notice concerning excerpts of Former Forsyth Township Police Department Chief Joseph Fitzgerald's video deposition. Fitzgerald was chief of police at the time and Officer Wonch resigned six business days after the incident that put Mr. Hill in the hospital (he was subsequently rehired). Mr. Fitzgerald was critical of Defendant's conduct and would have started an IA investigation if he had not himself resigned in mid-April. Plaintiff will play portions of Joseph Fitzgerald's *de bene esse* deposition at trial and has designated excerpts. Defendant has requested that additional excerpts of the deposition be played at the same time pursuant to Fed. R. Civ. P. 32(a)(6). Plaintiff does not oppose Defendant's request under this rule.

The parties have worked in good faith to designate portions of the transcript to be played and waived most of the objections counsel raised during the deposition. Those will be purged from the deposition before playback to the jury by a video editing consultant. However, there are a few objections that require a ruling by the Court.

Plaintiff respectfully requests that these objections be ruled upon at the Pretrial Conference Monday morning, or as soon as possible thereafter. This is because the deposition, after editing for playback, will be less than 20 minutes. Thus, this deposition could be played when there may not be time to call a witness who will take longer on the stand. Doing so would expedite the presentation of the proofs in the case.

The annotated transcript is attached as **Exhibit 1** to this Notice. Annotations in **Exhibit 1** are as follows:

- Excerpts highlighted in green have been designated for playback by Plaintiff.

- Excerpts highlighted in yellow have been designated for playback by Defendant pursuant to Fed. R. Civ. P. 32(a)(6).

- Excerpts not to be played have been ~~struck through in red.~~

- Waived objections are noted as "(waived)."

- Objections in the transcript requiring a ruling are highlighted in blue.

The objections requiring a ruling, with brief argument, are discussed below.

I.     ***DEFENDANT'S REMAINING OBJECTION***

Defendant has waived all objections to excerpts to be played, except for one form objection:

> *A.*     I, to this -- I don't remember discussing it with him at that point. I don't know if I had talked to him yet when I -- after I looked at the body camera footage.
>
> *Q.*     Let's talk about that. What was your impression of the body camera footage, based on your review of it?
>
>         MR. FOSMIRE: Objection to the form of the question.

> BY MR. TOUTANT:
>
> Q. If you had any.
>
> A. My opinion on what happened?
>
> Q. Yeah.
>
> A. Well, when I watched the body camera footage, I knew that there was some inappropriate actions taken by Officer Wonch, and they had to be investigated. And I advised the supervisor of the township at the time what was going on.

(**Exhibit 1, pp 6-7**). Plaintiff will leave it to Defendant's counsel to elaborate on the nature of this form objection.

To Plaintiff, the objection might be based on vagueness of the term "impression," but it seems the following colloquy clears any ambiguity. Moreover, it gives context to the subsequent testimony as to which there is no objection. Therefore, Plaintiff asks that this objection be overruled.

## II. PLAINTIFF'S REMAINING OBJECTIONS

### A. References to Ms. Lara Being a "Victim of Domestic Violence."

There are two questions where defense counsel refers Ms. Lara to being a victim of domestic violence. From **Exhibit 1**:

- pp. 17, l. 24-25 & p. 18 l. 1-3; and

- p. 18, l. 11-16.

These references to Ms. Lara being a "victim of domestic violence" presuppose that Mr. Hill has been convicted of the crime of domestic violence. There is an unreasonable risk that the jury will make such an inferential leap. In ruling on Plaintiff's motions in limine, the Court has

3

already held that defense counsel may not refer to Mr. Hill's underlying convictions because doing so runs afoul of FRE 403. See ECF No. 103; PageID.790. Here, the at-issue questions relate to the then-chief ordering witnesses to the incident to be reinterviewed by his detectives. Characterizing Ms. Lara as a victim of domestic violence in the same questions was purely gratuitous to the inquiries being made (concerning the reinterview requests). This belies the questions' unfairly prejudicial intent. These questions should not be allowed before the jury under the Court's prior order and MRE 403.  Plaintiff asks that these objections be sustained.

### B.     *Questions Concerning Mr. Fitzgerald's Resignation.*

Plaintiff made a number of objections to questions about witness's resignation from the department on April 16, 2019 (approximately a month after this incident). Mr. Fitzgerald resigned after the township supervisor raised a number of accusations, which he testified were false. See (**Exhibit 1, p. 20-22**). The specifics of these allegations were not discussed in the deposition. *Id.* No documents or other materials concerning Mr. Fitzgerald's resignation were marked as exhibits or produced. *Id.* Subsequent questions of Mr. Fitzgerald's job performance and resignation have no bearing on the issues at hand in this case. FRE 401-402. To the extent that the defense seeks to imply that Fitzgerald's testimony condemning Officer Wonch's conduct was a sour-grapes-type consequence of his resignation, such implications fail the FRE 403 balancing. Here, there is a significant lack of probative value to the issues at hand. When weighed against the risk of unfair prejudice, confusion of the issues, and misleading the jury, these questions fail under FRE 403. Plaintiff's objections should be sustained.

5

        Respectfully submitted,

        **Numinen, DeForge & Toutant, P.C.**


          s/ Phillip B. Toutant
        _____
        PHILLIP B. TOUTANT (P72992)
        Attorney for Plaintiff
        105 Meeske Ave.
        Marquette, MI 49855
        (906) 226-2580
        phillip@numinenlaw.com