UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL,<br><br>　　Plaintiff,<br><br>v<br><br>JUSTIN WONCH,<br><br>　　Defendant. | U.S. District Judge:<br>　Hon. Hala Y. Jarbou<br><br>U.S. Magistrate Judge:<br>　Maarten Vermaat<br><br>Case No: 2:19-cv-159 |
| Phillip B. Toutant (P72992)<br>Karl P. Numinen (P46074)<br>NUMINEN DEFORGE & TOUTANT, P.C.<br>Attorneys for Plaintiff<br>105 Meeske Avenue<br>Marquette, MI　49855<br>(906) 226-2580 | M. Sean Fosmire (P31737)<br>Thomas R. Shimmel (P41280)<br>KITCH DRUTCHAS WAGNER<br>　VALITUTTI & SHERBROOK<br>Attorneys for Defendants<br>1440 W. Ridge Street, Ste. C<br>Marquette, MI 49855-3199<br>(906) 228-0001 |

**Defendant's Responses re Fitzgerald Trial Deposition**

**(ECF 136 and 136-1)**

　　Defendant provides the following as his responses to plaintiff's objections and arguments regarding the video deposition testimony of Joseph Fitzgerald, former Chief of Police.

**Defendant's objection**

　　This was an obviously improper question. It was not focused, it was not narrow. It was a simple question, but extremely overbroad. "What was your impression of...?" is nearly as bad as it gets, just one step down from "Tell us what you want to say about...."

　　Defendant's objection gave plaintiff's attorney the opportunity to rephrase his question. That is how it works. The attorney did not choose to take the opportunity.

　　The witness went on and gave an answer. Plaintiff now wishes to have the court accept the question and the answer because the witness answered his improper question. That is not

MAR01:85349.1

how it works.

Both the question and the answer must be stricken because the question was not in proper form.

**Plaintiff's objection**

There is no doubt and there has been no doubt that Vickie Lara was a victim of domestic violence. She made the 911 call to report domestic violence. When Officer Wonch arrived, both Vickie Lara and the witness, Timothy Normand, confirmed that Jack Hill had struck her, more than once. She showed the bruises to the officer. The officer then decided to place Jack Hill under arrest for domestic violence, based on these facts. The decision to arrest him was proper. All of this is undisputed and has been known to the parties since this case was commenced.

The reference to Vickie Lara as a victim of domestic violence has nothing to do with the later conviction by the court or Hill's guilty plea. We did not ask about the charges. We did not ask about a conviction. We did not ask about the sentence that he served.

The objection should be overruled.

**Fitzgerald's resignation**

The plaintiff's scheduling of Fitzgerald's deposition has to be placed in context. During the years that this case was pending, no discovery deposition and no information had been requested in discovery about Joseph Fitzgerald and his very short tenure as chief of police.

In April 2022, the parties were working toward an April 25 trial date. Plaintiff's attorney sent a notice of taking Fitzgerald's deposition on April 22 in St. Ignace, Michigan, without any advance notice or clearance as to dates from defense counsel. It was clearly intended to be taken with the intent of minimizing the defendant's opportunity to respond to it.

Based on the five minutes of testimony that Fitzgerald gave during plaintiff's direct examination, it was obvious that plaintiff's attorney had been talking with him and knew that he was going to give testimony about the case that was unfavorable to the defendant. We have not raised any objection based on that factor, but it will be obvious to the court and it will be obvious to the jury that plaintiff's counsel and the witness had spoken. Fitzgerald testified, falsely, that there had not been such any such discussion. The falsity of that testimony is clear as a bell.

By the time April 22 came, the parties knew that the trial date had been moved to May 31. (It was later moved by the court once again.) But at the time of the deposition, very little was known about Fitzgerald. What we knew was that he had been hired as chief of police in January 2019, spent less than three months in the position, and from all descriptions given to previous counsel, Susan McGregor, and to the undersigned, he was a disaster as Chief of Police.

He testified in the deposition that he was contacted by the township supervisor within a day or two of learning about the Hill-Wonch encounter. That testimony is also false.

It is true that he was contacted by the township supervisor, and a conversation ensued. There had no information in discovery about that conversation because there had never been any issue raised about Fitzgerald until his deposition was taken by plaintiff. We asked him on cross-examination about the details of that conversation, but he professed to have no recollection of what was discussed. PageID.972. The jury will make of that claim what it can.

We can inform the court that, in that conversation, Fitzgerald agreed to resign as chief of police, and an agreement was negotiated between his attorneys and the township's attorneys regarding continuing his salary for a limited period of time, continuing his retirement contributions and his employee benefits for a period of time, as part of the negotiations. We did

3

**not** ask him about any of the details of those negotiations in the deposition, nor will we be asking anyone about those details during the trial.

But the fact that he was a disaster as chief, the fact that the officers in the police department knew it, the fact that the township supervisor knew it, and the fact that the township supervisor eventually concluded that "we have made a bad hire" and that the mistake had to be corrected – all of these are entirely legitimate areas for exploration, in the deposition and at trial.

Plaintiff took the deposition and is now offering as evidence the deposition of a witness who consciously lied under oath about many aspects of what he did and what he said about the Hill-Wonch encounter in late March 2019, and the jury needs to hear all of the testimony and consider all of the evidence that will establish that fact.

The objection should be overruled.

        Respectfully submitted,

        KITCH DRUTCHAS WAGNER
        VALITUTTI & SHERBROOK

Dated:   July 8, 2022        By:___/s/___*M. Sean Fosmire*_____
        M. Sean Fosmire