UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RICHARD J. HILL, | U.S. District Judge: |
| Plaintiff, | Hon. Hala Y. Jarbou |
| v | U.S. Magistrate Judge: |
| JUSTIN WONCH, | Maarten Vermaat |
| Defendant. | Case No: 2:19-cv-159 |
| Phillip B. Toutant (P72992) | M. Sean Fosmire (P31737) |
| Karl P. Numinen (P46074) | Thomas R. Shimmel (P41280) |
| NUMINEN DEFORGE & TOUTANT, P.C. | KITCH DRUTCHAS WAGNER |
| Attorneys for Plaintiff | VALITUTTI & SHERBROOK |
| 105 Meeske Avenue | Attorneys for Defendants |
| Marquette, MI 49855 | 1440 W. Ridge Street, Ste. C |
| (906) 226-2580 | Marquette, MI 49855-3199 |
| | (906) 228-0001 |

**DEFENDANT'S SUPPLEMENTAL TRIAL BRIEF**

Defendant perceives a potential FRE 613 issue that was not recognized previously. It also relates to the deposition testimony of Joseph Fitzgerald which was taken on April 22, 2022 in St. Ignace by plaintiff. As we noted in a previous filing, there was no information known to the defendant before that deposition was taken regarding any opinions that Fitzgerald might hold with respect to the actions of Officer Wonch. After Fitzgerald's deposition was taken, on return to Marquette County, undersigned counsel had an opportunity to speak to a few different witnesses, including Joe Boogren, Chief Kjellin, and Officer Wonch, about his testimony and the new claims. It was then that we learned from Officer Wonch that Chief Fitzgerald had made a statement to him within a few days of the Hill incident, reassuring him that he had reviewed the bodycam video and that there was nothing for him to be concerned

MAR01:85353.1

about. This is information that is diametrically opposed to the position that Fitzgerald asserted in his deposition.

Rule 613 anticipates that any testimony about a witness's prior inconsistent statement be presented to the witness when he is testifying so that he has a chance to respond to it in preparation for offering that statement through the testimony of an extrinsic witness. That could not be done here. At the time that Fitzgerald's deposition was taken, we had no knowledge that he would make the assertion that he concluded that Officer Wonch had acted improperly in using knee strikes as a use of force technique.

Fitzgerald had never said anything to anyone within the department along those lines. Fitzgerald did not, as he claimed, begin an investigation. He did not, as he claimed, direct Kjellin to reinterview the domestic violence victim again to look into issues regarding the improper use of force. He did not, as he claimed, tell Kjellin that the person arrested on March 22 had sustained a serious injury in the course of the arrest. Testimony will be given by both Chief Kjellin and Officer Cadwell that directly contradicts Fitzgerald's testimony on these issues. Testimony will be given by Mr. Boogren, the township supervisor, contradicting Fitzgerald's claim that he informed Boogren that there was a problem with Wonch's behavior that evening. Fitzgerald never said any such thing to Mr. Boogren.

As an offer of proof, the defendant will offer Officer Wonch's testimony out of the presence of the jury to establish that he did tell us about this comment made by Fitzgerald **after** April 22 and that there was no occasion for him to describe that statement to either Susan MacGregor or to the undersigned before that deposition had been taken. As the existence of a

prior inconsistent statement was simply not known to counsel at the time of Fitzgerald deposition, he could not be confronted with it as provided under FRE 613.

It is the defendant's position that the circumstances presented here justify application of the "or if justice requires" exception that is expressly included in Rule 613(b).

          Respectfully submitted,

          KITCH DRUTCHAS WAGNER
          VALITUTTI & SHERBROOK

Dated:  July 11, 2022          By:____/s/ *M. Sean Fosmire*_____
                                                       M. Sean Fosmire